William A. RITZELL, Petitioner,

v.

Maureen ESPECHE, individually and as next friend of Jonathan Espeche, a minor, Respondent.

No. 02–0013.

Supreme Court of Texas.

June 20, 2002.

Jeffrey Robert Matthews, Toby C. Easley, Matthews Easley & Miller, P.C., Houston, Gary W. Chaney, Hempstead, for petitioner.

Joseph John Hroch, Spencer & Associates, P.C., Houston, for respondent.

PER CURIAM.

The court of appeals concluded that the summary judgment appealed from was interlocutory and dismissed the appeal. 65 S.W.3d 226. We disagree and therefore reverse and remand to the court of appeals for further proceedings.

Petitioner William Ritzell and respondent Maureen Espeche allowed their divorce proceedings to terminate while they attempted to reconcile, but when that failed, new proceedings were instituted and the parties were divorced. In the first case, the parties had a written agreement that divided their property and obligated Ritzell to support Espeche's son Jonathan, but that agreement was not incorporated into the divorce decree in the second case.

In the present case, Espeche sued Ritzell for breach of the agreement. Ritzell answered that the signature on the agreement was not his, that Espeche's claims were barred by res judicata, and that Espeche had failed to join Jonathan as a necessary party. Ritzell moved for summary judgment on all Espeche's claims. Six days before the hearing on the motion, Espeche filed amended pleadings asserting for the first time claims on behalf of Jonathan, a minor, as his next friend. Three days before the hearing Ritzell moved for leave to amend his summary judgment motion to address Jonathan's claims. His motion for leave contained an amended summary judgment motion addressing those claims.

At the hearing, the trial court did not expressly grant or deny Espeche leave to amend her pleadings. *See* Tex.R. Civ. P. 63 (requiring leave of court for amendments to pleadings filed within seven days of trial). The court made a docket notation granting Ritzell leave to amend his motion for summary judgment but never signed an order to that effect. *See id;* Tex.R. Civ. P. 166a(c) (requiring leave of court for summary judgment motions to be filed within twenty-one days of the hearing). The court granted summary judgment as follows:

FINAL SUMMARY JUDGMENT

ON NOVEMBER 4, 1999, the Motion for Summary Judgment of William A. Ritzell, Defendant, was heard on oral arguments and submission. The Court, being of the opinion that Defendant is entitled to Judgment as a matter of law, grants the Defendant's Motion for Summary Judgment.

It is therefore, ORDERED, ADJUDGED AND DECREED, that Plaintiff, Maureen Espeche, Individually and as Next Friend of Jonathan Espeche, a minor, take nothing by reason of her suit in this cause, and that Defendant, William A. Ritzell, recover from Plaintiff all taxable costs herein expended by Defendant.

It is further ORDERED, ADJUDGED AND DECREED that any relief requested by either party in this suit that is not expressly granted is hereby denied.

Espeche appealed, arguing in part that summary judgment on Jonathan's claims was error because Ritzell's original motion for summary judgment did not address them and the trial court did not properly grant him leave to amend. The court of appeals agreed that Ritzell did not have leave to amend his summary judgment motion but concluded, not that the trial

court erred in dismissing Jonathan's claims, but that the summary judgment was interlocutory. Specifically, the court stated:

> Because Ritzell's amended motion for summary judgment addressing Jonathan Espeche's claim was not properly before the trial court, summary judgment could not be granted on that claim. Thus, the final summary judgment does not dispose of all claims.

65 S.W.3d at 232.

In *Lehmann v. Har–Con Corp.*, we stated that "an order that expressly disposes of the entire case is not interlocutory merely because the record fails to show an adequate motion or other legal basis for the disposition." 39 S.W.3d 191, 206 (Tex. 2001). "Language that the plaintiff take nothing by his claims in the case, or that the case is dismissed, shows finality if there are no other claims by other parties...." *Id.* at 205. The trial court's order in the present case meets this test. It expressly ordered that Espeche take nothing, individually and as Jonathan's next friend. Whether the trial court erred in adjudicating Jonathan's claims we do not consider; we hold only that the trial court was unequivocally clear that those claims were adjudicated, and therefore the summary judgment was final.

Accordingly, we grant Ritzell's petition for review and, without hearing oral argument, reverse the judgment of the court of appeals and remand the case to that court for further proceedings. *See* TEX.R.APP. P. 59.1.