11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

U.S. Builders, Inc.

Appellant

Vs.                   No. 11-02-00035-CV B  Appeal from
Harris County

Atlantic Louetta, L.P.; R. L. Wade; Richard L. 

Wade; and Wade Construction
Company  

Appellees

 

U.S. Builders, Inc.
(USBI) asserts that the trial court did not enter a final judgment in this
severed action.[1]  On March 9, 2001, the trial court entered a
judgment and order for deposit of funds (judgment).  On August 24, 2001, the trial court entered an order granting
defendant=s motion for summary judgment (summary judgment
order).  On that same day, the trial
court entered its severance order. 
Because the trial court=s judgment and
summary judgment order did not dispose of all of the parties and issues, there
is no final judgment in this severed action. 
Therefore, we dismiss this appeal for want of jurisdiction.   

                                                                        The
Suit








USBI and Atlantic
Louetta, L.P. (Atlantic Louetta) entered into a construction contract. USBI, as
the general contractor, agreed to construct a building and certain
improvements, including a parking lot, for Atlantic Louetta, the owner of the
property, for the contract price of $1,073,000.00.  USBI filed this action against Atlantic Louetta, Wade
Construction Company, R. L. Wade, Chicago Title Company, and Continental
Casualty Company, alleging that, although it had substantially completed the
work required under the contract, the defendants owed USBI $232,285.82, plus
interest and attorney=s fees.  USBI
asserted breach of contract claims against Atlantic Louetta and Wade
Construction Company, the construction manager for the project.  USBI alleged that R. L. Wade was the alter
ego of Atlantic Louetta and was individually liable for the alleged
damages.  USBI sought to recover on a
bond that Continental Casualty Company issued to secure payment by Atlantic
Louetta.  USBI also sought to recover
funds that Chicago Title Company was holding in an escrow account relating to
possible repairs to the parking lot. 
Atlantic Louetta filed a counterclaim alleging that USBI had breached
the contract by failing to complete the work required under the contract;
Atlantic Louetta sought to recover damages for USBI=s alleged breach of contract.  Chicago Title Company interpled the amount
held in escrow, a total of $106,687.76, into the registry of the court. 

                                               USBI=s and Atlantic Louetta=s Arbitration

USBI and Atlantic
Louetta entered into a binding arbitration agreement and submitted the claims
between them to arbitration.  In the
award of arbitration, the arbitrator concluded that A[t]he net result of this Award is that Atlantic
Louetta, L.P. shall pay to U.S. Builders, Inc. the sum of $123,795.02.@  Atlantic
Louetta filed a motion to enter judgment for it to pay USBI $123,795.02 based
on the arbitrator=s award. 
Atlantic Louetta asserted that the escrow funds in the registry of the
court should be used as partial satisfaction of the judgment.  USBI claimed that it was entitled to recover
more than $123,795.02 under the arbitrator=s
award. 

                                                                    The
Judgment        

On March 9, 2001,
the trial court awarded judgment to USBI against Atlantic Louetta for
$123,795.02 based on the arbitration award. 
The trial court found that Atlantic Louetta had tendered this amount,
including the deposited escrow funds, to the registry of the court.  The trial court ordered that Aall obligations incurred by Atlantic Louetta, L.P.
with regard to the judgment which is the subject of this case shall be deemed
to have concluded.@  The trial
court further ordered that Chicago Title Company, the interpleader, Ashall receive judgment in its favor with regard to the
interpleader and shall be released from any further obligation regarding this
matter.@  The trial
court did not mention Wade Construction Company or R. L. Wade or address USBI=s claims against them in the judgment.  The trial court did not include a AMother Hubbard@
clause in the judgment or any other language demonstrating an intent to dispose
of all of the parties and claims.  See
Ritzell v. Espeche, 87 S.W.3d 536, 537-38 (Tex.2002).








                                        The
Subcontractors= Post-Arbitration Interventions

Shockley Electric
Corporation and Frontier Materials, Inc., two subcontractors on the
construction project, intervened in the suit. 
They alleged that USBI owed them money for work performed on the
construction project.  USBI answered the
subcontractors= interventions and filed a cross-claim against
Atlantic Louetta and Wade Construction Company for contribution and indemnity
for the subcontractors= claims.  In
their answer to the cross-claim, Atlantic Louetta and Wade Construction Company
asserted that USBI could not recover contribution and indemnity from them
because USBI had litigated all potential claims against them in the arbitration
proceeding.  They alleged that, as a
result of the arbitration proceeding, Aall
claims and requests for relief were resolved between Atlantic Louetta, Wade
Construction Company and U.S. Builders, Inc.@  Atlantic Louetta and Wade Construction
Company also filed a counterclaim against USBI for attorney=s fees relating to the defense of USBI=s contribution and indemnity claims.  

                                                              The
Severance Order

Atlantic Louetta,
Richard Wade, Wade Construction Company, and Chicago Title Company asserted
that the arbitrator=s award and the trial court=s judgment confirming the award resolved all of the
issues and claims between USBI and them. 
They requested that the trial court sever the arbitrated claims from the
subcontractors= claims against USBI. 
The trial court granted the motion to sever and ordered:

[T]hat the claims involving U.S. Builders, Inc. versus
Atlantic Louetta, L.P., R. L. Wade, Richard L. Wade and Wade Construction
Company, as well as the Interpleader filed by Chicago Title Company, are hereby
severed from this cause and shall maintain cause number 99-37037-A.

 

                                                       The
Summary Judgment Order  








Wade Construction
Company moved for summary judgment on USBI=s
contribution and indemnity cross-claim for the subcontractors= claims.  Wade
Construction Company asserted that, because the arbitration resolved all of
USBI=s possible claims against it, the doctrine of res
judicata barred USBI=s contribution and indemnity claims.  On August 24, 2001, the trial court entered
its summary judgment order granting Wade Construction Company=s motion for summary judgment.[2]


                                             Did
the Trial Court Enter a Final Judgment?         

In its first issue,
USBI asserts that the trial court did not enter a final judgment in this
cause.  The issue is whether the trial
court=s judgment and later summary judgment order constitute
a final judgment in the severed action. 
A final judgment is the judgment or order that disposes of all of the
parties and issues in the suit, including any counterclaims and
cross-claims.  See Houston Health Clubs,
Inc. v. First Court of Appeals, 722 S.W.2d 692, 693 (Tex.1986); Baker v.
Hansen, 679 S.W.2d 480, 481 (Tex.1984); Reimer v. Scott, 666 S.W.2d 384, 385
(Tex.App. - Houston [14th Dist.] 1984, writ dism=d).  In many cases, such as in
this case, the trial court will enter a number of orders that address
particular issues or parties.  In such
cases, the order disposing of the last remaining party or issue is the final
order.  The earlier orders merge into
the last order, and the last order is the final judgment for appeal
purposes.  See Webb v. Jorns, 488 S.W.2d
407, 408-09 (Tex.1972); Fisher v. Yates, 953 S.W.2d 370, 374-75 (Tex.App. -
Texarkana 1997), writ den=d, 988 S.W.2d 730
(Tex.1998).  In Lehmann v. Har-Con Corporation,
39 S.W.3d 191, 205 (Tex.2001), the supreme court provided guidance for
determining whether an order or judgment is final:








 [W]hen there
has not been a conventional trial on the merits, an order or judgment is not
final for purposes of appeal unless it actually disposes of every pending claim
and party or unless it clearly and unequivocally states that it finally
disposes of all claims and all parties. 
An order that adjudicates only the plaintiff=s claims against the defendant does not adjudicate a
counterclaim, cross-claim, or third party claim, nor does an order adjudicating
claims like the latter dispose of the plaintiff=s claims.  An order that
disposes of claims by only one of multiple plaintiffs or against one of
multiple defendants does not adjudicate claims by or against other
parties.                  

  

The trial court=s judgment and summary judgment order did not dispose
of all of the parties and issues.  The
trial court=s judgment confirmed the arbitrator=s award, but USBI and Atlantic Louetta were the only
parties to the arbitration.  The
arbitrator=s award identified them as the parties to the
arbitration and addressed only the claims between them.  The trial court=s judgment confirming the arbitrator=s award addressed the claims between USBI and Atlantic
Louetta and the claims involving the interpleader, Chicago Title Company.  The trial court=s judgment did not address or dispose of USBI=s breach of contract claim against Wade Construction
Company or its alter ego claim against R. L. Wade. 

The trial court=s summary judgment order did not dispose of the
remaining parties and issues.  The
summary judgment order did not dispose of USBI=s breach of contract claim against Wade Construction Company or its
alter ego claim against R. L. Wade.  In
its motion for summary judgment, Wade Construction Company only addressed USBI=s cross-claim for contribution and indemnity for the
subcontractors= claims. Wade Construction Company did not address
USBI=s breach of contract claim.  The summary judgment order only disposed of USBI=s contribution and indemnity claims against Wade
Construction Company.  Atlantic Louetta
did not move for summary judgment on the contribution and indemnity
claims.  Additionally, the summary
judgment order did not dispose of Atlantic Louetta=s or Wade Construction Company=s counterclaim against USBI for attorney=s fees relating to the defense of the contribution and
indemnity claims.  

There
is no final judgment in this action. 
Consequently, we have no jurisdiction to entertain this appeal.

                                                    This
Court=s Ruling

Because
there is no final judgment in this action, we dismiss this appeal for want of
jurisdiction.                                            

 

TERRY McCALL

JUSTICE

December 12,
2002

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J.,
and

Wright, J., and McCall, J.











     [1]USBI filed this appeal out of an abundance of caution
in the event that the trial court did, in fact, enter a final judgment.





     [2]In its summary judgment order, the trial court found
that: 

 

[T]he issues between Plaintiff and Atlantic Louetta,
L.P.,  R. L. Wade, Richard L. Wade, Wade
Construction and Chicago Title were the subject of arbitration, that an
Arbitrator=s Award has been issued and that such Award has been
adopted as judgment of this court.

 

The trial court made this finding, even though Wade
Construction Company is the only party that moved for summary judgment and even
though USBI and Atlantic Louetta were the only parties to the arbitration.  The trial court also found that USBI=s Athird-party claims versus these parties with regard to
these interventions filed by Shockley Electric and Frontier Materials are
barred by the doctrine of res judicata.@  Although the trial court referred to USBI=s claims versus Athese
parties,@ USBI only alleged contribution and indemnity claims
against Atlantic Louetta and Wade Construction Company.  Because Atlantic Louetta did not move for
summary judgment on USBI=s contribution and indemnity claims, it would have been
improper for the trial court to grant summary judgment to Atlantic
Louetta.  The trial court only granted
summary judgment to Wade Construction Company. 
The trial court did not include language demonstrating an intent to
dispose of all parties and claims. 
Therefore, this case is distinguishable from Ritzell v. Espeche, supra.