Affirmed and Memorandum Opinion filed May 29, 2003









Affirmed and Memorandum Opinion filed May 29, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00700-CV

_______________

 

THOMAS E. STASHAK, Appellant

 

V.

 

JACQUELINE STASHAK, Appellee

                                                                                                                                               


On Appeal from the 312th District Court

Harris County, Texas

Trial Court Cause No. 00-08969

                                                                                                                                                

 

M E M O R A N D U M  
O P I N I O N

 

In
this child custody modification case, Thomas E. Stashak (AThomas@) appeals a sanctions order (the Asanctions order@) on the grounds that the trial
court: (1) lacked jurisdiction to enter the order; and (2) used its erroneous
dismissal of his modification action as a basis to award the sanctions.  We affirm.








                                                                   Background

Pursuant
to the parties= October, 2000 divorce decree (the Adecree@), Jacqueline Stashak (AJacqueline@) was awarded primary custody of
their three daughters.  In March of 2001,
Thomas filed a petition (the Apetition@) to modify custody. 
Jacqueline filed a motion to dismiss and for sanctions on the grounds
that Thomas had failed to provide an affidavit alleging the facts necessary to
seek a modification within one year of the decree.  The trial court signed an order dismissing
the petition on March 8, 2002 (the Adismissal order@) and the sanctions order on April
17, 2002.[1]

                                                                   Jurisdiction

Appellant=s first issue contends that the trial
court lacked jurisdiction to enter the sanctions order on April 17, 2002
because its plenary power had expired thirty days after it entered the
dismissal order on March 8.

After
signing a final judgment, a trial court has plenary power for a minimum of
thirty days to change the judgment.  Lane
Bank Equip. Co. v. Smith S. Equip., Inc., 10 S.W.3d 308, 310 (Tex.
2000).  A trial court may not impose
sanctions after the expiration of its plenary jurisdiction.  Id. at 311.








Because
the law does not require a final judgment to be in any particular form, whether
a judicial decree is a final judgment must be determined from its language and
the record in the case.  Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  A judgment issued without a conventional trial
is final only if it either actually disposes of all claims and parties before
the court, or it states with unmistakable clarity that it is a final
judgment.  Guajardo v. Conwell, 46
S.W.3d 862, 863-64 (Tex. 2001); Lehmann, 39 S.W.3d at 192, 200.  Thus, for example, language that the
plaintiff take nothing or that the case is dismissed shows finality if there
are no other claims by other parties.  Ritzell
v. Espeche, 87 S.W.3d 536, 538 (Tex. 2002). 
However, a judgment does not have to resolve pending sanctions issues to
be final.  Lane Bank, 10 S.W.3d.
at 312.  The language of an order or
judgment cannot make it interlocutory when, in fact, on the record, it is a
final disposition of the case.  Lehman,
39 S.W.3d. at 200.

In
essence, appellant=s argument in this case appears to be that, because
resolution of the motion for sanctions was not necessary to a final judgment,
the dismissal order must have been a final judgment because it disposed of all
other matters in the case.  Although a
dismissal order that does not dispose of pending sanctions issues can be
a final judgment, it does not logically follow, and appellant cites no
authority providing, that such a dismissal order must always be final, i.e.,
that a trial court would lack authority to make one interlocutory if it
chose.  In this case, the dismissal order
was titled, AOrder of Dismissal . . .
and Order Setting Hearing on Respondent=s Motion for Sanctions . . .,@ and the operative portion provides:

4.         The
requirements set forth in Section 156.102 of the Texas Family Code have not
been satisfied; therefore, Petitioner=s Petition to Modify Parent-Child
Relationship should be dismissed.

5.         Respondent=s request for attorney=s fees and sanctions constitute a
claim for affirmative relief and should be retained pending a final hearing.

IT IS THEREFORE ORDERED that Petitioner=s Petition to Modify Parent-Child
Relationship is hereby DISMISSED.

The Court finds that Respondent=s Motion for Sanctions for
Frivolous Filing  shall specifically
be, and is HEREBY RETAINED, and is hereby set for hearing at 9:00 a.m. on April
3, 2002.

Rather
than expressing an intent to complete and conclude all proceedings in the case,
the dismissal order expressly recognized the motion for sanctions as an
outstanding claim for affirmative relief and stated an intention to hold
further proceedings at a time certain to adjudicate that claim.  Under these circumstances, the dismissal
order was not a final judgment, the trial court did not lack plenary
jurisdiction to enter its sanctions order on April 17, 2002, and appellant=s first issue is overruled.








                                                                     Sanctions

Appellant=s second issue argues that the trial
court should not have used the erroneous dismissal of his modification action
as a basis for imposing sanctions.  In
this regard, appellant claims that the dismissal for failure to meet the
affidavit requirement of section 156.102 of the Texas Family Code was in error
either because he was not required to comply with that affidavit requirement or
because he did comply with it.

If
a trial court finds that a suit for modification has been filed frivolously,
the court shall tax attorney=s fees as costs against the offending party.  Tex.
Fam. Code Ann. ' 156.005 (Vernon 2002). 
Sanctions are reviewed for abuse of discretion.  Am. Transitional Care Ctrs. of Tex. v.
Palacios, 46 S.W.3d 873, 877 (Tex. 2001). 
There is no abuse of discretion if some evidence reasonably supports the
trial court=s decision[2]
or if there are two permissible views of the evidence.  Goode v. Shoukfeh, 943 S.W.2d 441, 446
(Tex. 1997).             In order to seek a modification within one year of the
decree, Thomas=s petition was required to have
attached an affidavit alleging, with supporting facts, that the child=s present environment may endanger
the child=s physical health or significantly
impair the child=s emotional development (or other matters not applicable
here).  See Tex. Fam. Code Ann. ' 156.102(a), (b) (Vernon 2002).  Neither Thomas=s original, first amended, or second
amended  petitions, filed in March, May,
and June, respectively, of 2001, or his supporting affidavit filed in June of
2001, even purported to comply with this requirement.  








In
September of 2001, Thomas filed another supporting affidavit for the first time
making the necessary allegation, but supporting it with circumstances that were
adverse but well within the trial court=s discretion to conclude did not
endanger the child=s physical health or significantly impair the child=s emotional development.  Under these circumstances, we have no basis
to conclude that the trial court=s imposition of sanctions was an
abuse of discretion.  Accordingly,
appellant=s second issue is overruled, and the
judgment of the trial court is affirmed.[3]

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed May 29, 2003.

Panel consists of
Chief Justice Brister, and Justices Fowler and Edelman.

 

 

 











[1]           The
sanctions consisted of attorney=s fees and costs of $8,449.00.  Thomas does not challenge the  sufficiency of the sanctions order to reflect
the necessary information.





[2]           Butnaru
v. Ford Motor Co., 84 S.W.2d 198, 211 (Tex. 2002).





[3]           Jacqueline=s brief asks us to impose sanctions and attorney=s fees on Thomas for filing a frivolous appeal,
incorporating by reference a motion to be filed at a future date.  Because no such motion has been filed, this
request presents nothing for our review.