**In re JHG [1], A Child.**

**No. 05–08–00875–CV.**

Court of Appeals of Texas, Dallas.

May 14, 2009.

---

1. To protect the privacy of the parties, we identify the child by his initials. TEX. FAM. CODE ANN § 109.002(d) (Vernon 2008).

J. Matthew Goeller, Attorney At Law, Plano, TX, for Appellant.

Malcolm Miranda, Collin County District Atty., John R. Roach Sr., Collin County District Atty., McKinney, TX, for Appellee.

Before Justices BRIDGES, O'NEILL and FITZGERALD.

## OPINION

Opinion by Justice O'NEILL.

This case involves the termination of a mother's parental rights. JHG's mother raises three issues: (1) the evidence is legally insufficient to support termination; (2) the evidence is factually insufficient to support termination; and (3) the trial court erred when it denied the mother's motion to dismiss after the trial court retained the case after the one-year anniversary. We conclude there was error in retaining the case once the one-year deadline had passed and, therefore, reverse the decree of termination and dismiss the suit.

## Background

On March 14, 2007, JHG was born. His mother did not know she was pregnant but went to the hospital because of heavy vaginal bleeding and abdominal pain. The twenty-year-old mother spoke no English and had never had a child before. Because JHG presented in a breech position, the doctor performed a cesarean section.[2] Immediately after the operation, while the mother was on a stretcher in the labor and recovery room, she was heard to say in Spanish that she didn't want the baby. Within two hours, however, JHG's mother stated she wanted to keep her baby. But, hospital personnel expressed concern that the mother was not bonding with JHG. Acting on a referral from the hospital's social worker, the Texas Department of Family and Protective Services ("FPS") took the baby into protective custody and, to date, has refused JHG's mother unsupervised visits with JHG. She has never had possession of the child. FPS concedes that there is no issue of illegal drug or alcohol use and the mother has stable employment and no criminal history.

FPS received temporary orders of possession on March 19, 2007. Under Texas Family Code section 263.401, the dismissal date was calculated to be March 24, 2008. TEX. FAM.CODE ANN. § 263.401(a) (original dismissal date is "the first Monday after the first anniversary of the date the court rendered a temporary order appointing the [FPS] as temporary managing conservator").[3] Until December 12, 2007, the FPS' stated goal was reunification of

2. A Cesarean Section is a surgical procedure in which incisions are made through a mother's abdomen (laparotomy) and uterus (hysterotomy) to deliver one or more babies.

3. In 2007, Section 263.401 of the Texas Family Code was amended. The amendments apply to actions filed on or after July 15, 2007. *See* Act of May 29, 2005, 79th Leg., R.S., ch. 268, § 1.40, 2005 Tex. Gen. Laws 621, 636 (amended 2007) (current version at TEX. FAM. CODE ANN. § 263.401) (Vernon 2008). Unless otherwise specified, all references in this opinion are to the version of the statute in effect when the FPS filed suit on March 19, 2007 which is referred to as the "2005 Family Code."

mother and son. However, beginning in December 2007, the FPS has sought termination of the mother's parental rights.

In February 2008, FPS moved for an extension of the original dismissal date. The mother objected and a hearing was held on February 27, 2008 in which the trial judge stated: "[a]nd the petitioner's motion for extension of dismissal date of a cause filed in March—there only needed to be a finding that it's in the best interest, and even the petitioner can state that it's in the best interest of the child and the Court must grant the extension." No evidence was offered to establish extraordinary circumstances and the FPS' reason for the extension was a need for additional time to obtain discovery and prepare for trial. The court appeared to hold "I'll grant the continuance—or the dismissal date extension." But, then the trial judge stated: "as to the extension, I'm going to have to do a little bit of research on what's fair." During the hearing, there was also some confusion as to the statute in effect when the case was filed in March 2007.[4] The next day, on February 28, 2008, the trial court wrote on the docket sheet "grant 3 mos. extension in best int. of child due to several findings in record of extraord. circs. but also limiting to 3 mo. in fairness to parent." The notation did not specify whether the three month extension was from the time of the docket entry or the dismissal date.

The mother filed a motion to dismiss the case based on the trial court's failure to enter an order extending the dismissal date which complied with Texas Family

Code section 263.401 on or before the dismissal date of March 24, 2008. The motion to dismiss was first argued before trial and then reargued during trial before presentment of the mother's case. Both times, the trial court denied the motion to dismiss. Initially, the trial court found "the findings on the docket sheet are appropriate", and the "docket entry was sufficient and specific enough to comply with the requirements of 263.401(b)." When denying the motion the second time, the trail judge stated:

"You never waive an objection to the jurisdiction of the court. That is protected for appeal on the record. If the court of appeals views [the docket entry] differently as far as the order being signed after the original dismissal date with no specific dates set for extension in a written order, then that's their determination. But waiver as to notice and the fact that the Court intended an extension and stated so on the record, not to jurisdiction, but as to notice and due process, that piece of your argument, in the Court's opinion has been waived and is the reason for the denial of the motion."

Trial on the merits began on June 4, 2008 and the jury found no physical or emotional endangerment of the baby but terminated the mother's parental rights because she "failed to comply with the provisions of a court order that specifically established the actions necessary for [her] to obtain the return of [JHG]."

---

4. During the February 27, 2008 hearing, the confusion related to what standard applies to the trial court's extension of the dismissal date. However, the version of Section 263.401 in effect from September 15, 2005 to June 14, 2007 and the current statute both require specific findings of "extraordinary circumstances which necessitate the child re-maining in the temporary managing conservatorship of the [FPS] and that continuing the appointment of the [FPS] as temporary managing conservator is in the best interests of the child." TEX. FAM.CODE ANN. § 263.401(b) (Vernon 2008); Act of May 29, 2005, 79th Leg., R.S., ch. 268, 2005 Tex. Gen. Laws 621 (amended 2007).

## Standard of Review

We review a trial court's interpretation of the law de novo. *In re Dept. of Family & Protective Servs. ("FPS")*, 273 S.W.3d 637, 642–43 (Tex.2009) (citing *State v. Shumake*, 199 S.W.3d 279, 284 (Tex.2006)). A trial court has no discretion in determining what the law is or properly applying the law. *Id.* (citing *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 612 (Tex.2006)). If the trial court fails to properly interpret the law or applies the law incorrectly, it abuses its discretion. *Id.*

## Discussion

### A. Waiver

■ We first consider the mother's third issue that the trial court erred in denying her motion to dismiss after the trial court retained the case on its docket after the dismissal date. As a threshold matter, we must determine if the mother waived her right to appeal denial of her motion to dismiss by not including the issue in her statement of points Generally, an appeal of a final order in a termination proceeding is waived unless the issue on which a party intends to appeal is included in a statement of points filed with the trial court within fifteen days of the final order. 2005 Family Code § 263.405(a), (i). However, the mother's third issue does not involve terms of the final order. Instead, it relates to the trial court's ability to retain the case after the dismissal date and objections to subject matter jurisdiction cannot be waived. *FPS*, 273 S.W.3d at 642 (citing *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex.2008) (per curiam)); *see also, In re T.D.S.T., and C.T.*, 287 S.W.3d 268 (Tex. App.-Amarillo, 2009, no pet. h.) ("Generally, we are barred from considering an issue not raised in a timely statement of points . . . [h]owever, the issue may constitute a challenge to the trial court's juris-

diction to render judgment and thus to this court's jurisdiction to consider the merits of the appeal, so we will address it."). We conclude the mother's third issue has not been waived.

Although the Legislature has granted the FPS authority to take possession of children and file suits to seek the termination of parental rights, it has prescribed that, absent the rendering of a final order or the granting of an extension, such suits must be dismissed on the first Monday after the first anniversary of the date the FPS is appointed temporary managing conservator. TEX. FAM.CODE ANN. §§ 161.001, 262.001(a), 263.401(a) (Vernon 2008); 2005 Family Code § 263.401(a); *FPS*, 273 S.W.3d at 643 (quoting *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d at 612 ("Subsection 263.401(a) of the [2005] Texas Family Code requires a trial court to dismiss a [suit affecting the parent child relationship] filed by the Department if a final order has not been rendered" by the deadline.)).

### B. Specific Finding of Extraordinary Circumstances

■ In order for a termination proceeding to remain on a court's docket beyond the one-year dismissal date, the court must make specific findings of extraordinary circumstances. If not, "the court *may not* retain the suit on the court's docket." *FPS*, 273 S.W.3d at 643 (citing 2005 Family Code § 263.401(b) (emphasis added in original)). The statute in effect when this case was filed states:

> The court may not retain the suit on the court's docket . . . unless the court finds extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the [FPS] and that continuing the appointment . . . is in the best interests of the child. If the court makes those findings, the

court may retain the suit on the court's docket for a period not to exceed 180 days ... If the trial court fails to make specific findings of extraordinary circumstances ... the court shall dismiss the suit. 2005 Family Code § 263.401(b), (c).[5]

During the February 2008 hearing, the trial court improperly stated only the best interests of the child were considered when extending a dismissal date and made no finding of extraordinary circumstances. Then, she stated she would "do a little bit of research on what's fair." Neither a determination of what's fair nor the child's best interest satisfies the statute's requirement of a finding of extraordinary circumstances.

The docket entry made the next day states "grant 3 mos. extension in best int. of child due to several findings in record of extraord. circs. but also limiting to 3 mo. in fairness to parent." Our review of the record, however, does not yield the several findings referred to in the docket entry. Without a finding of extraordinary circumstances, the trial court abused its discretion when it failed to dismiss the suit on the dismissal date.

### C. Extension Order Requirements

In an order granting an extension of the dismissal date, the trial court must:

(1) schedule the new date for dismissal;

(2) make further orders for the safety and welfare of the child as necessary to avoid further delay; and

(3) set a final hearing for trail on the merits.

2005 Family Code § 263.401(b)(1)-(3). The trial court's docket entry does not include any of the three requirements. Consequently, there was no sufficient written order entered by the trial court before the dismissal date and the trial court was required to dismiss the suit. 2005 Family Code § 263.401(a) ("Unless the court has rendered a final order or granted an extension under Subsection (b), on the [dismissal date], the court shall dismiss the suit...."). We conclude the trial court abused its discretion when it did not properly apply the statute, held "docket entry was sufficient and specific enough to comply with the requirements of 263.401(b)" and retained the suit past the dismissal date.

Our resolution of appellant's third issue obviates any need for us to consider her first and second issues.

### Conclusion

For the reasons set forth above, we conclude the trial court erred in not dismissing the proceeding on the dismissal date. Accordingly, we reverse the decree terminating the mother's parental rights to JHG and dismiss the suit.

---

5. The statutory provision in effect for suits commenced on or after June 15, 2007 does not require a written order if trial on the merits begins within 180 days of the dismissal date. TEX. FAM CODE ANN. § 263.401(b) (Vernon 2008).