**Affirmed and Memorandum Opinion filed July 21, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00186-CV

## IN THE INTEREST OF W.J.B. & J.B., Children

**On Appeal from the 311th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-23300**

## M E M O R A N D U M   O P I N I O N

This appeal is brought by the Department of Family and Protective Services ("the Department") from an order signed by the trial court denying the Department's motion to reinstate following the trial court's dismissal of this case for want of prosecution. We affirm.

### PROCEDURAL BACKGROUND

The record reflects that on February 8, 2013, the mother of W.J.B. and J.B. ("mother") filed a "Petition to Modify Parent-Child Relationship" against their maternal grandfather, W.H. At that time, W.H. was the sole managing conservator

and mother was the possessory conservator. The children's father ("father"), had been ordered to pay child support to W.H. pursuant to an order entitled "Order in Suit Affecting the Parent-Child Relationship" signed February 15, 2010. This same order made W.H. sole managing conservator and mother possessory conservator. The February 15, 2010 order arose from W.H.'s prior suit filed April 16, 2009, entitled "Original Petition for Grandparent Possession or Access." Mother's suit filed February 8, 2013, sought to name her as sole managing conservator and remove W.H. as sole managing conservator without requesting any relief against father.

On March 7, 2013, the children were placed in the Department's temporary managing conservatorship. The record does not reflect any further orders were entered regarding placement of the children. The Department filed a petition on March 11, 2013, for the termination of the parental rights of both mother and father and to be named sole managing conservator. *See* Tex. Fam. Code Ann. § 161.001 (West 2014). The Department's petition did not address W.H.'s court-ordered relationship with the children. Trial on the merits was held August 27, 2014. Father was not present but had filed an appearance in September of 2013. The associate judge found father was properly notified of the trial and had failed to appear. The children's paternal grandfather, W.B., appeared. The Department recommended the children be placed with W.B. who was seeking, along with his wife, to adopt the children. Mother appeared and had signed an irrevocable affidavit of voluntary relinquishment of parental rights. *See* Tex. Fam. Code § 161.001(1)(K), (2). She expressed her desire the children be adopted by W.B. and his wife.

The judge orally granted the Department's petition as follows:

I'm going to terminate the mother's rights based solely on her affidavit of relinquishment and a finding that it's in the best interest of these two children.

2

I'm terminating the father's rights on the grounds that have been presented and proved through the caseworker[1] and on a finding that it is -- by the Court that it's in the children's best interest.

Further, the judge stated that he would grant the Department's request during trial for injunctive relief to prevent W.H. from having any contact with the children. W.H. was not present and no counsel appeared on his behalf but he had filed an appearance on May, 4, 2014. A final order was filed for entry. However, no written judgment was signed.[2]

On September 15, 2014, the judge for the 311th District Court signed a voluntary order of recusal and on September 16, 2014, the case was transferred to the 257th District Court. The docket sheet reflects that immediately after the entry of the transfer, another entry for September 16, 2014, recites "Rendition of 8/27/14 set aside sua sponte on Court's own Motion." That entry is not signed or initialed and no written order was entered.

On January 28, 2015, the case was dismissed by the trial judge of the 257th District Court. The Department filed a motion seeking, alternatively, to (1) reinstate; (2) render judgment on the trial held August 27, 2014; (3) enter decree; and/or (4) reopen for additional evidence. The trial judge denied the motion to reinstate in a written order. From that order, the Department brings this appeal.

---

[1] The Department sought termination under subsections F, N and O. *See* Tex. Fam. Code §§ 161.001(1)(F), (N), and (O).

[2] Although an oral pronouncement of the termination of the mother's and father's parental rights would be a final order, *see* Tex. Fam. Code § 101.026 (defining "render" to include an oral pronouncement in the presence of the court reporter), *In re Dep't of Family & Protective Services*, 273 S.W.3d 637, 644 (Tex. 2009), the recommendation of an associate judge does not become a final order until it is ratified by the district court. Tex. Fam. Code Ann. § 201.013(b) (West Supp. 2002); *Phagan v. Aleman*, 29 S.W.3d 632, 635 n. 2 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Because the record does not reflect the associate judge's ruling was ratified by the district court, it is not a final order.

ANALYSIS

The Department brings three issues on appeal: (1) the trial court erred in dismissing the case on the belief the case had already been dismissed as a matter of law under section 263.401 of the Family Code because that section is not jurisdictional and the case included a private lawsuit that was not subject to dismissal under section 263.401; (2) the trial court's finding of insufficient evidence to support the associate judge's recommendation to terminate both parents' rights is not a legal basis to deny the motion to reinstate; and (3) because no record was taken of the dismissal hearing, the case should be reversed and reinstated on the trial court's docket.

Regarding the Department's first issue, we note the Texas Supreme Court has determined that the dismissal dates governing termination and child protection proceedings where the Department has temporary custody are not jurisdictional. *See In re Dept. of Fam. and Prot. Servs*., 273 S.W.3d 637, 642 (Tex. 2009). Our inquiry does not end there, however. Section 263.401 provides:

> (a) Unless the court has commenced the trial on the merits or granted an extension under Subsection (b), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court shall dismiss the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child.

> (b) Unless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not to

exceed 180 days after the time described by Subsection (a). If the court retains the suit on the court's docket, the court shall render an order in which the court:

> (1) schedules the new date on which the suit will be dismissed if the trial on the merits has not commenced, which date must be not later than the 180th day after the time described by Subsection (a);

> (2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and

> (3) sets the trial on the merits on a date not later than the date specified under Subdivision (1).

> (c) If the court grants an extension but does not commence the trial on the merits before the required date for dismissal under Subsection (b), the court shall dismiss the suit. The court may not grant an additional extension that extends the suit beyond the required date for dismissal under Subsection (b).

Tex. Fam. Code Ann. § 263.401 (West 2014).

March 10, 2014, was the first Monday after the first anniversary of the date on which the trial court signed a temporary order appointing the Department as temporary managing conservator. The trial court could not retain the suit on its docket after that date absent commencement of trial on the merits or the granting of an extension. *Id.* § 263.401(a), (b); *See also In re Dep't of Family & Protective Services*, 273 S.W.3d at 643 (construing prior version of statute requiring rendering of final order rather than commencement of trial on the merits by deadline). Trial on the merits did not commence until April 27, 2014. Thus the suit "must be dismissed" unless there was an extension. *In re Dep't of Family & Protective Services*, 273 S.W.3d at 643.

"The court cannot just enter an extension order, though. In order for the suit to remain on the court's docket beyond the one-year dismissal date, the court must make specific findings to support the extension order: 'the court *may not* retain the

5

suit on the court's docket' after the one-year dismissal date unless the court makes specific findings as set out in the statute." *Id* (quoting Tex. Fam. Code § 263.401(b) (emphasis added)); *see also In re K.F.,* 351 S.W.3d 108, 111 (Tex. App.—San Antonio 2011, no pet.). If there is not an order entered that includes the required findings, the trial court abuses its discretion if it retains the suit past the dismissal date. *See In re JHG,* 290 S.W.3d 400, 404 (Tex. App.—Dallas 2009), *rev'd on other grounds*, 302 S.W.3d 304 (Tex. 2010).

The trial court's order of February 24, 2014, set a new date of dismissal as September 1, 2014. The 257th court found the order failed to contain any of the statutorily required findings and therefore did not operate to extend the dismissal date for 180 days.[3] We agree. The order makes no finding of extraordinary circumstances that necessitated the child remain in the temporary managing conservatorship of the department for more than one year. *See* Tex. Fam. Code Ann. § 263.401(b).

We review an order denying a motion to reinstate under an abuse of discretion standard. *See Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex.1995); *see also Low*, 221 S.W.3d at 620.

---

[3] The Department's brief does not address this basis for the order of dismissal.

Under the facts of this case, we cannot say the trial court's denial of the Department's motion to reinstate was arbitrary or unreasonable. Accordingly, we conclude the trial court did not abuse its discretion.

The Department argues the trial court should have granted the Department's request for reinstatement because the case included a private lawsuit that was not subject to dismissal under Section 263.401. We do not disagree that the section 263.401 deadlines were not applicable to the initial suit brought by mother against W.H. *See In re E.C.,* 431 S.W.3d 812, 816 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

However, any alleged error in dismissing the private litigants' claims is not a basis for overturning the trial court's dismissal of the Department's suit or finding the trial court erred in denying the Department's motion to reinstate.[4] The trial court's order clearly and unequivocally dismissed the entire suit. Regardless of whether the record reflects an adequate legal basis for that order, the parties to the private lawsuit had the right to complain the dismissal of their suit was erroneous. *See Ritzell v. Espeche*, 87 S.W.3d 536, 538 (Tex. 2002). They have not asserted that right. We therefore need not consider whether the trial court's dismissal of the private suit was in error.

For the reasons stated above, we overrule the Department's first issue. It is therefore unnecessary to address the Department's second issue concerning the sufficiency of the evidence to support the associate judge's recommendation.

As to its third issue, the Department asserts that the failure to record the dismissal hearing prevented it from properly presenting its case to this court. There

---

[4] Were it so, the Department would not be subject to the deadlines imposed by section 263.401 in any suit in which the Department intervened. There is no authority for such a proposition alleviating the Department's responsibility to meet the statutory deadlines in such cases.

has been no suggestion, and the record does not reflect, that the "hearing" was anything more than a docket call. We have a record of the hearing on the Department's motion to reinstate. Because the record before this court demonstrates the one-year deadline to commence trial on the merits was neither satisfied nor properly extended, we conclude the lack of a record of the dismissal hearing has not prevented the Department from properly presenting its appeal. Accordingly, we overrule the appellant's final issue.

The judgment of the trial court is affirmed.


/s/    John Donovan
        Justice


Panel consists of Justices Boyce, McCally, and Donovan.