**Dismissed and Majority and Dissenting Opinions filed February 28, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00379-CV

## ALEJANDRO L. PADUA AND THE PADUA LAW FIRM, PLLC, Appellants

### V.

## JASON A. GIBSON, P.C. D/B/A THE GIBSON LAW FIRM AND JASON A. GIBSON, Appellees

**On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 2016-31672**

## DISSENTING OPINION

This appeal arises out of a dispute between two lawyers (and their respective law firms) over the validity of a joint-representation agreement providing for a contingency-fee split between the firms. The two plaintiffs asserted six claims against the two defendants. The defendants asserted no claims. After granting summary judgment in part, the trial court rendered judgment that the plaintiffs take

nothing on four of their claims and then severed the other two claims into a new lawsuit.  Because the trial court disposed of all claims and all parties in the case, the trial court's judgment stands final and appealable, and this court stands clothed with appellate jurisdiction to address the merits of the appeal.  Instead of doing so, the majority dubs the trial court's judgment interlocutory and dismisses this appeal for lack of appellate jurisdiction.  I respectfully dissent.

### *Six Claims Asserted*

Appellants/plaintiffs Alejandro L. Padua and The Padua Law Firm, PLLC (collectively, the "Padua Parties") filed suit in the trial court against appellees/defendants Jason A. Gibson and Jason A. Gibson, P.C. d/b/a the Gibson Law Firm (collectively, the "Gibson Parties").  Under the unambiguous language of their live pleading, the Padua Parties asserted claims for (1) breach of fiduciary duty, (2) fraud, (3) fraud by non-disclosure, (4) unjust enrichment, (5) quantum meruit, and (6) an accounting. In a paragraph underneath the underlined heading "**STATEMENT OF CLAIMS**,"[1] the Padua Parties, asserted that the Gibson Parties' "conduct constitutes breach of fiduciary duty, fraud, fraud by non-disclosure, unjust enrichment[,] and, in the alternative, quantum meruit, as those terms are understood in law."  The Padua Parties then added that they "also file this suit to compel an accounting."  Under their statement of claims, the Padua Parties did not mention disgorgement. Nor did they mention the imposition of a constructive trust.  The Gibson Parties did not assert any claims.

### *In their live pleading the Padua Parties sought disgorgement and a constructive trust as equitable remedies for breaches of fiduciary duty, not as claims.*

Claims and remedies are not the same thing.  In their live pleading, the Padua Parties sought disgorgement and the imposition of a constructive trust as

---

[1] Underlining omitted.

equitable remedies for the Gibson Parties' alleged breaches of fiduciary duty. In the remedies section of their live pleading, the Padua Parties asked the trial court to order "[the Gibson Parties] to disgorge their ill-gained profits due to [the Gibson Parties'] breach of fiduciary duty." The Padua Parties pointed to disgorgement as a remedy the trial court may order when a fiduciary competes with a beneficiary and then benefits in some way. In the remedies section, the Padua Parties also asked the trial court "to impose a constructive trust on the proceeds, funds, or property obtained by [the Gibson Parties] as a result of the breach of fiduciary duty." The Padua Parties stated in their petition that "[a] constructive trust is an equitable remedy." They did not label these remedies as claims. They did not undertake to assert them as claims. And, they did not treat either request as a claim. As the masters of their petition,[2] the Padua Parties opted in plain text to seek disgorgement and constructive trust not as claims but as equitable remedies for the Gibson Parties' alleged breaches of fiduciary duty.

### *On appeal, the Padua Parties assert that the requests for disgorgement and for a constructive trust are equitable remedies, not claims.*

On appeal, the Padua Parties assert in their brief that "[the Padua Parties] sought actual damages, exemplary damages, and the equitable remedies of disgorgement of profits and imposition of a constructive trust." Just as in the trial court, in their appellate briefing, the Padua Parties do not include their requests for disgorgement and constructive trust in the itemized list of the claims they assert. According to the Padua Parties, the Gibson Parties did not move for summary judgment on any ground that challenged liability; instead, the Padua Parties claim that in their summary-judgment grounds, the Gibson Parties attacked only the damage element of each of the Padua Parties' claims. The Padua Parties argue that

---

[2] *See The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913) ("The party who brings a suit is master to decide what law he will rely upon.").

3

because the Gibson Parties did not present a summary-judgment ground expressly attacking the equitable remedies of disgorgement and constructive trust, the trial court reversibly erred by granting more relief than the Gibson Parties requested.

### *Requests for disgorgement and for a constructive trust are equitable remedies, not claims.*

The law treats a request for disgorgement as an equitable remedy that a court may award after a party proves its entitlement to recover on a claim.[3]  A request for disgorgement is not itself a claim.[4]  Likewise, under binding precedent, a request for a constructive trust is an equitable remedy that a court may award after a party proves its entitlement to recover on a claim; a request for the imposition of a constructive trust is not itself a claim.[5]  In the simplest terms, disgorgement and constructive trust are means by which a court may redress a claimant's injury. These equitable remedies do not come into play unless and until a party prevails on a claim.

---

[3] *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 221 (Tex. 2017) (holding that disgorgement and fee forfeiture are equitable remedies that a court may award based a breach-of-fiduciary-duty claim); *Burrow v. Arce*, 997 S.W.2d 229, 237–40 & nn. 36, 37 (Tex. 1999) (concluding that disgorgement and fee forfeiture are equitable remedies that a court may award based a breach-of-fiduciary-duty claim); *Hsin-Chi-Su v. Vantage Drillking Co.*, 474 S.W.3d 284, 298 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (holding that disgorgement is an equitable remedy that a court may award based a breach-of-fiduciary-duty claim); *Bigham v. Southeast Texas Environmental, LLC*, 458 S.W.3d 650, 673–74 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (holding that disgorgement is an equitable remedy that a court may award based a breach-of-fiduciary-duty claim).

[4] *See First United Pentecostal Church of Beaumont*, 514 S.W.3d at 221; *Burrow*, 997 S.W.2d at 237–40 & nn. 36, 37; *Hsin-Chi-Su*, 474 S.W.3d at 298; *Bigham,* 458 S.W.3d at 673–74.

[5] *See Burrow*, 997 S.W.2d at 245 (concluding that the imposition of a constructive trust is an equitable remedy);*Hsin-Chi-Su*, 474 S.W.3d at 298 (holding that the imposition of a constructive trust is an equitable remedy that a court may award based a breach-of-fiduciary-duty claim).

### *The trial court signed an interlocutory order granting summary judgment as to four of the six claims.*

The Gibson Parties filed a summary-judgment motion asserting various grounds on which they claimed the law required the trial court to grant summary judgment dismissing all of the Padua Parties' claims.[6] The trial court signed an interlocutory order (1) granting the summary-judgment motion in part, (2) ordering that the Padua Parties take nothing on their claims for breach of fiduciary duty, fraud, fraud by non-disclosure, and unjust enrichment, and (3) denying the summary-judgment motion as to the quantum-meruit claim. The trial court did not address the accounting claim.

### *The trial court severed one of the two remaining claims into a separate suit.*

On the Gibson Parties' motion, the trial court later severed the Padua Parties' quantum-meruit claim into a separate case, leaving only the claim for an accounting unaddressed. Under binding precedent, an action for an accounting is a claim rather than a remedy.[7] So, even after this severance order, the trial court had not disposed of all claims and all parties in the case, and the trial court's judgment remained interlocutory.[8]

---

[6] The majority does not list all of the Gibson Parties' summary-judgment grounds, but that issue need not be addressed to determine whether the trial court's judgment is final and appealable. *See ante* at 2.

[7] *See Hoskins v. Hoskins*, 497 S.W.3d 490, 492 & n.2 (Tex. 2016); *Kerlin v. Sauceda*, No. 05-0653, 2006 WL 4706002, at *1 (Tex. 2006) (severance order).

[8] *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192, 200 (Tex. 2001).

***The trial court signed an amended order severing both remaining claims into a separate suit, thus making the summary-judgment order final.***

The Padua Parties filed a notice of appeal, attempting to pursue an appeal from the trial court's summary-judgment order. At oral argument, the parties and this court discussed the trial court's failure to dispose of the accounting claim and the interlocutory nature of the judgment from which the Padua Parties sought to appeal. Soon after oral argument, this court abated the appeal and remanded this case to the trial court to give the trial court an opportunity to take action to make the summary-judgment order final. During this abatement period, the trial court granted a motion to which all parties agreed, and the trial court ordered both the quantum-meruit claim and the accounting claim severed into a separate case. After severing these two claims, the trial court ordered that the court's summary-judgment order "shall become final and appealable" and that the severed case be abated until all appeals relating to the summary-judgment order in the non-severed case have been exhausted.

Neither the Padua Parties nor the Gibson Parties now argue that the summary-judgment order is interlocutory or that this court lacks appellate jurisdiction. Nonetheless, because lack of jurisdiction cannot be waived, as a threshold inquiry, even without any jurisdictional challenge, this court must confirm that it has appellate jurisdiction.[9] Because no statute authorizes an interlocutory appeal in this case, this court has appellate jurisdiction only if the trial court's summary-judgment order is final.[10] An order issued without a conventional trial on the merits, like the one before us today, stands final for purposes of appeal if the order actually disposes of all claims and all parties before

---

[9] *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004).

[10] *See Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam).

6

the trial court.[11]  The order in today's case does just that.

To recap, in its summary-judgment order, the trial court ordered that the Padua Parties take nothing as to the first four claims (breach of fiduciary duty, fraud, fraud by non-disclosure, and unjust enrichment).  When the trial court signed the amended severance order, the trial court severed the other two claims (quantum meruit and the claim for an accounting) into a different, separate case.  Since this severance, the Padua Parties have asserted only the first four claims in this case, and in its summary-judgment order, the trial court ruled that they take nothing on each of these claims, thus disposing of all claims and all parties.[12]  Though the Padua Parties requested the remedies of disgorgement and the imposition of a constructive trust based on the Gibson Parties' alleged breaches of fiduciary duty, the trial court disposed of these requests by ruling that the Padua Parties take nothing on their breach-of-fiduciary-duty claims.[13]  Though the record and the law show that disgorgement and constructive trust are equitable remedies, whatever one may call them, the Padua Parties sought them based on their breach-of-fiduciary-duty claims, and the trial court ordered that the Padua Parties take nothing on these claims.  Thus, under binding precedent from the Supreme Court of Texas, the amended severance order made the summary-judgment order final and appealable because after the trial court signed the amended severance order,

---

[11] *See Lehmann*, 39 S.W.3d at 192, 200.

[12] *See Ritzell v. Espeche*, 87 S.W.3d 536, 537–38 (Tex. 2002); *Jacobs v. Satterwhite*, 65 S.W.3d 653, 655 (Tex. 2001); *Lehmann*, 39 S.W.3d at 205–06.

[13] *See Ritzell*, 87 S.W.3d at 537–38; *Jacobs*, 65 S.W.3d at 655; *Lehmann*, 39 S.W.3d at 205–06; *Graff v. 2920 Park Grove Venture, Ltd.*, No. 05-16-01411-CV, 2018 WL 2949158, at *8 (Tex. App.—Dallas June 13, 2018, pet. denied) (holding that requests for disgorgement and imposition of a constructive trust are not independent claims and that these requests fail as a matter of law if summary judgment is proper as to the claims on which the plaintiff bases the requests, and thus a summary-judgment ground specifically challenging these requests is not necessary if the movant is entitled to summary judgment based on grounds challenging the claims on which the requests are based) (mem. op.).

the summary-judgment order disposed of all claims and all parties in the non-severed case.[14]

### *The Padua Parties' argument that no summary-judgment ground supports the trial court's judgment as to the requests for disgorgement and constructive trust does not make the summary-judgment order interlocutory.*

The majority suggests that the summary-judgment order is interlocutory because the Padua Parties assert on appeal that the trial court erred in granting summary judgment as to their requests for the equitable remedies of disgorgement and constructive trust as no summary-judgment ground supports this ruling. This argument goes to the merits, not to whether the summary-judgment order is final. The Padua Parties argue that the judgment is final and erroneous. They do not argue that the summary-judgment order is interlocutory. As the Supreme Court of Texas made clear in *Lehmann*, a trial court's error in granting summary judgment without any summary-judgment ground to support that ruling makes the judgment erroneous, but the error does not make the judgment interlocutory if the trial court disposed of all claims and all parties.[15] To the extent the majority concludes otherwise, it goes against binding supreme-court precedent.[16]

### *This court must address whether the requests for disgorgement and a constructive trust are claims and whether the trial court disposed of all claims and all parties.*

This court is duty-bound to determine appellate jurisdiction.[17] That means

---

[14] *See Ritzell*, 87 S.W.3d at 537–38; *Jacobs*, 65 S.W.3d at 655; *Lehmann*, 39 S.W.3d at 205–06.

[15] *See Ritzell*, 87 S.W.3d at 537–38; *Jacobs*, 65 S.W.3d at 655; *Lehmann*, 39 S.W.3d at 200, 205–06.

[16] *See Ritzell*, 87 S.W.3d at 537–38; *Jacobs*, 65 S.W.3d at 655; *Lehmann*, 39 S.W.3d at 200, 205–06.

[17] *See M.O. Dental Lab*, 139 S.W.3d at 673.

we must review and address all issues relating to appellate jurisdiction.[18] Today the issues relating to jurisdiction include whether the requests for disgorgement and imposition of a constructive trust stand as independent claims and whether in the summary-judgment order the trial court disposes of all claims and all parties.[19] Yet, the majority does not address either issue.

The majority claims that this court need not address how the requests for disgorgement and constructive trust should be characterized because the Gibson Parties did not present that issue in the trial court. But, the law imposes no requirement that parties preserve error in the trial court before this court may inquire into these issues as part of its appellate-jurisdiction determination.[20] Regardless of what issues the Gibson Parties raised in the trial court, this court has a duty to determine whether these requests are remedies or independent claims and to determine whether the trial court disposed of all claims and all parties.[21] By dismissing this appeal without conducting the requisite jurisdictional analysis, the majority shirks this duty and wrongly concludes this court lacks appellate jurisdiction.[22]

Likewise, the majority misses the mark in concluding that the court need not address the characterization of the disgorgement and constructive-trust requests because they were not the subject of a ground in the Gibson Parties' summary-judgment motion. The grounds the Gibson Parties asserted in their summary-judgment motion hold no relevance to the jurisdictional inquiry. This appeal is

---

[18] *See id.*

[19] *See Lehmann*, 39 S.W.3d at 192, 200.

[20] *See M.O. Dental Lab*, 139 S.W.3d at 673.

[21] *See id.*

[22] *See Ritzell*, 87 S.W.3d at 537–38; *Jacobs*, 65 S.W.3d at 655; *Lehmann*, 39 S.W.3d at 200, 205–06.

9

not one in which the trial court's order states that the trial court grants the summary-judgment motion in all things, without expressly disposing of any claim, and this court has to inquire as to whether the summary-judgment movant sought a final judgment in the motion. Instead, the jurisdictional inquiry in this case turns on the unambiguous language in the summary-judgment order, in which the trial court decreed that the Padua Parties take nothing as to four claims. Under that order's plain text, the trial court disposed of four claims, including the requests for disgorgement and a constructive trust as remedies for the breach-of-fiduciary-duty claims. The trial court's severance of the remaining two claims later made the summary-judgment order final and appealable. The Gibson Parties' summary-judgment grounds have no effect on whether the trial court disposed of all claims and all parties. As the supreme court has held, the trial court's granting of a final summary judgment based on a motion that did not contain grounds broad enough to challenge all claims may make the summary judgment erroneous, but the error does not make the summary judgment interlocutory.[23] So, even if the Gibson Parties' summary-judgment grounds were not sufficiently broad to support summary judgment on the requests for the equitable remedies, this failure would mean that the trial court erred in rendering a take-nothing judgment as to the breach-of-fiduciary-duty claims in their entirety, but the error could not and would not change the finality of the judgment based on the trial court's take-nothing judgment on the only four claims remaining in the case.

The majority also concludes that the trial court's summary-judgment order is interlocutory because "[t]he disgorgement and imposition of a constructive trust were not the subject of a ground in the Gibson [P]arties' motion for summary

---

[23] *See Ritzell*, 87 S.W.3d at 537–38; *Jacobs*, 65 S.W.3d at 655; *Lehmann*, 39 S.W.3d at 200, 205–06.

judgment." Again, the Gibson Parties' summary-judgment grounds are not germane to the jurisdictional issue before this court. But even if this issue held some relevance to the jurisdictional question, the majority errs in making this statement because the requests for disgorgement and a constructive trust *were* the subject of a summary-judgment ground. The Gibson Parties expressly presented summary-judgment grounds challenging liability on the Padua Parties' breach-of-fiduciary-duty claims, upon which the Padua Parties based these requests. In this context, the law provides that these grounds are sufficiently broad to support summary-judgment as to the requests.[24]

The majority indicates that the Padua Parties argue on appeal that their requests for disgorgement and imposition of a constructive trust stand as independent claims and that the Padua Parties cite the *First United Pentecostal Church* case for this proposition.[25] The Padua Parties do neither. The Padua

---

[24] *See Graff*, 2018 WL 2949158, at *8 (holding that requests for disgorgement and imposition of a constructive trust are not independent claims and that these requests fail as a matter of law if summary judgment is proper as to the claims on which the plaintiff bases these requests, and thus a summary-judgment ground specifically challenging these requests is not necessary if the movant is entitled to summary judgment based on grounds challenging the claims on which the requests are based); *Shultz on Behalf of Shultz v. Lone Star Road Construction, Ltd.*, No. 14-17-00550-CV, —S.W.3d—,—, 2019 WL 3227529, at *8 (Tex. App.—Houston [14th Dist.] July 18, 2019, no pet. h.) (holding that a request for exemplary damages based on an allegation of gross negligence in the context of a negligence claim is not a claim separate from the negligence claim and that this request fails as a matter of law if summary judgment is proper as to the negligence claim on which the plaintiff bases the request, and thus a summary-judgment ground expressly challenging the negligence claim is sufficiently broad to entitle the movant to summary judgment on the exemplary-damages request, even in the absence of a ground specifically challenging this request); *Said v. Sugar Creek Country Club, Inc.*, No. 14-17-00079-CV, 2018 WL 4177859, at *5-6 (Tex. App.—Houston [14th Dist.] Aug. 31, 2018, pet. denied) (same as *Shultz on Behalf of Shultz*) (mem. op.). Even under the majority's statement of the summary-judgment grounds, the grounds stated, if sustained by the trial court, would result in the dismissal of the breach-of-fiduciary-duty claim as a matter of law, and thus these grounds are sufficiently broad to support the dismissal of the requests for disgorgement and a constructive trust, even if the summary-judgment motion does not mention these requests. *See Graff*, 2018 WL 2949158, at *8; *Shultz on Behalf of Shultz*, 2019 WL 3227529, at *8; *Said*, 2018 WL 4177859, at *5–6.

[25] *See ante* at 6; *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214 (Tex.

11

Parties refer to disgorgement and imposition of a constructive trust as "remedies" most of the time. Though, at times, they refer to these equitable remedies as "claims" in passing, the Padua Parties do not assert that disgorgement and imposition of a constructive trust are independent claims of which the trial court must dispose for there to be a final judgment. Instead, the Padua Parties assert that "[b]ecause [the Gibson Parties] did not move for summary judgment on the equitable remedies of disgorgement and constructive trust, the trial court improperly granted more relief than requested, warranting reversal. *See First United*, 514 S.W.2d at 222 (reversing summary judgment when motion only addressed actual damages and not the equitable remedy of disgorgement)." As the parenthetical to the Padua Parties' citation reflects, in *First United Pentecostal Church*, the supreme court held that the trial court erred in granting summary judgment on the part of a breach-of-fiduciary-duty claim in which the plaintiff sought disgorgement because the summary-judgment movant challenged damages but not liability, and causation of damages was not required for the plaintiff to obtain disgorgement as an equitable remedy for the defendant's breaches of fiduciary duty.[26] The *First United* court did not conclude that disgorgement was a "claim" rather than an "equitable remedy," nor did the high court determine that disgorgement or any other remedy is an independent claim of which the trial court must dispose for there to be a final judgment. [27]

> ***This court has jurisdiction to review the final summary-judgment order.***

Because the trial court rendered a take-nothing judgment on the only four claims that remain in this case, the trial court disposed of all claims and all parties.

---

2017).

[26] *See First United Pentecostal Church of Beaumont*, 514 S.W.3d at 220–22.

[27] *See id.*

12

The record shows that this court holds appellate jurisdiction to review the trial court's final summary-judgment order. The majority errs in dismissing the appeal rather than addressing the merits of the issues presented.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Spain and Poissant (Spain, J., majority).

13