**In re J.H.G., A Child.**

**No. 09–0531.**

Supreme Court of Texas.

Jan. 22, 2010.

John Richard Rolater, Jr., Chief of the Appellate Div., Andrea Leigh Westerfeld, John R. Roach, Malcolm Miranda, Collin County District Attorney's Office, McKinney, TX, for Petitioner.

J. Matthew Goeller, Grubbs and Goeller, Plano, TX, Michael Gabriel Diaz, McKinney, TX, for Respondent.

Danette D. Alvarado, Attorney at Law, Plano, TX, for Ad Litem.

PER CURIAM.

In this parental-rights termination case, the mother failed to include in her statement of points for appeal her complaint that the trial court unlawfully extended the statutory deadline for dismissing the case. Although issues not included in a statement of points are waived, Tex. Fam. Code § 263.405(i),[1] the court of appeals sustained the mother's challenge and dismissed the suit, holding that the mother's complaint concerned the trial court's subject matter jurisdiction to enter a final order rather than the specific terms of the order and thus could not be waived. 290 S.W.3d 400, 403. We disagree, and reverse and remand the case to the court of appeals for consideration of the mother's legal and factual sufficiency challenges.

On March 19, 2007, the Texas Department of Family & Protective Services (TDFPS) obtained temporary orders of possession of J.H.G. The case was set to be dismissed on March 24, 2008, pursuant to section 263.401(a) of the Family Code, which requires dismissal unless the court has rendered a final order or granted an extension (if the trial court finds that certain circumstances exist) within one year of appointing TDFPS as managing conservator. Tex. Fam.Code § 263.401(a).[2]

TDFPS's initial goal was reunification with the mother. In December 2007, however, after the mother failed to comply with several court-ordered requirements, TDFPS sought to terminate the mother's parental rights and filed a motion to extend the March 24, 2008, dismissal date. The mother objected and a hearing was held on February 27, 2008, after which the trial court granted TDFPS a three-month extension. Trial on the merits commenced on June 2, 2008, approximately two months after the initial deadline. The mother again objected to the trial court's refusal to dismiss the proceedings, and she

---

1. Section 263.405 was amended in 2007. *See* Act of May 17, 2007, 80th Leg., R.S., ch. 526, § 6, 2007 Tex. Gen. Laws 929. The amendments went into effect on June 16, 2007, and only apply to suits filed on or after that date. *Id.* at 929–930. All citations to section 263.405 and its sub-parts are to the earlier version of the statute. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 176, § 1, 2005 Tex. Gen. Laws 332 (amended 2007) (current version at Tex. Fam.Code § 263.405).

2. As with section 263.405, section 263.401 was amended in 2007. *See* Act of May 27, 2007, 80th Leg., R.S., ch. 866, § 2, 2007 Tex. Gen. Laws 1837, 1838. The 2007 amendments only apply to suits filed on or after July 15, 2007. *Id.* All citations to section 263.401 and its subparts are to the earlier version of the statute. *See* Act of May 29, 2005, 79th Leg., R.S., ch. 268, § 1.40, 2005 Tex. Gen. Laws 621, 636 (amended 2007) (current version at Tex Fam.Code § 263.401).

reurged her objection before presenting her case. The trial court again denied her motions and refused to dismiss the case. The jury found that the mother failed to comply with the terms of her court-ordered service plan and that termination was in J.H.G.'s best interest. The trial court rendered judgment terminating the mother's parental rights.

The mother timely filed a statement of points with the trial court contesting the legal and factual sufficiency of the evidence, but she did not challenge the trial court's extension of the statutory deadline. The Family Code requires that any party seeking an appeal of a final order must file with the trial court a statement of points of error on which it intends to appeal. Tex. Fam.Code § 263.405(b)(2). The statement of points must be filed within fifteen days of entry of the final order. *Id.* The court of appeals may not address an issue that is not included in a timely filed statement of points. Tex. Fam.Code § 263.405(i). Although the mother did not include the trial court's failure to dismiss in her points for appeal, the court of appeals held that the issue was not waived because it bore on the trial court's subject matter jurisdiction. 290 S.W.3d at 403. This holding is directly contrary to our decision in *In re Department of Family and Protective Services,* in which we held that the section 263.401(a) dismissal date is procedural, not jurisdictional. 273 S.W.3d 637, 642 (Tex.2009). As such, the mother's failure to challenge the trial court's extension of the statutory deadline in her statement of points waived the issue on appeal.

Accordingly, we reverse the court of appeals' judgment and remand the case to that court for consideration of the remaining issues.