NUMBER 13-10-00248-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

                                  CORPUS CHRISTI -
EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN THE INTEREST OF M.F. AND B.F., CHILDREN

 

 



On appeal from the County Court at Law No. 5

of Nueces County, Texas.

 

 



MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Rodriguez
and Vela

Memorandum
Opinion by Chief Justice Valdez

Appellant, D.F., appeals
from the trial court’s termination of her parental rights to her two children,
M.F. and B.F.[1] 
At the conclusion of a jury trial, the jury found by clear and convincing
evidence that D.F. committed one or more of the specified acts or omissions set
out in section 161.001 of the Texas Family Code and that it was in the best
interest of M.F. and B.F. to terminate the parent-child relationships between
the children and D.F.[2] 
See Tex. Fam. Code Ann. §
161.001 (Vernon Supp. 2010).  An order of termination to that effect was
entered by the trial court.  On appeal, D.F. does not challenge the best interest
finding, see id. § 161.001(2); instead, she contends that the evidence
is legally and factually insufficient to support termination of her parental
rights under subsections (D), (E), (N), (O), and (P) of section 161.001(1) of
the Texas Family Code.  See id. § 161.001(1)(D)-(E), (N)-(P).  We
affirm.

I. Background[3]

Officer Rene Cruz
encountered D.F. at the Red Carpet Inn located in Corpus Christi, Texas, just
after midnight on June 1, 2009.[4] 
Officer Cruz testified that D.F. appeared intoxicated, “had quite a bit of
blood coming from the left side of her head, was in and out of consciousness,”
and was “mumbling and slurring” her speech.  D.F. informed Officer Cruz that
J.F., her common-law husband and the father of M.F. and B.F, had “head butted”
and “assaulted” her.  At some point during the conversation, D.F. told Officer
Cruz that she was “very concerned about [M.F. and B.F.] being alone [in a hotel
room] with [J.F.] in his condition . . . .”[5] 
Officers located one-year-old B.F. unattended in D.F. and J.F.’s hotel room. 
Officer Cruz described the hotel room as “damp” and “very, very filthy” with
empty beer cans, pizza boxes, dirty clothes, and trash on the floor.  According
to Officer Cruz, the room resembled “a pig’s pen” and looked like someone
“open[ed] up a trash bag or two of stuff and just kind of spread it out.” 
Having located only B.F., police continued to search for two-year-old M.F. and
later found him alone in the parking lot inside D.F. and J.F.’s vehicle.  The
police were unable to locate J.F.

Officer Cruz determined
that it was “absolutely” essential to remove the children to a safer place that
night and contacted D.F.’s mother to care for M.F. and B.F.  D.F.’s mother
informed Officer Cruz that she could not take M.F. and B.F. because she was
already providing care for three of D.F.’s children.[6] 
Unable to locate a family member to care for M.F. and B.F., Officer Cruz
contacted the Texas Department of Family and Protective Services (“Department”)
to take possession of the children.

On June 15, 2009, in a
temporary order following an adversary hearing, the trial court appointed the
Department temporary managing conservator of M.F. and B.F.  D.F. was ordered
to:  (1) attend, participate in, and complete a domestic violence program,
anger management classes, and a parenting class; (2) participate in psychiatric
evaluations and individual counseling; (3) participate in drug assessment and
substance abuse counseling; (4) participate in random drug testing; and (5)
demonstrate her willingness and ability “to protect her children and herself
from harm by not violating any Protective/Restraining Order in effect for
[J.F.].”  The Department subsequently sought permanent termination of D.F.’s
parental rights to M.F. and B.F.  

On April 22, 2010, a jury
found that the statutory grounds for termination were proven by clear and
convincing evidence and that termination was in the best interest of M.F. and
B.F.  Pursuant to the jury’s findings, the trial court signed an order of
termination on May 13, 2010, finding by clear and convincing evidence that
termination was in the children’s best interest and that D.F. violated section
161.001 of the family code by:  (1) knowingly placing or knowingly allowing the
children to remain in conditions or surroundings which endanger the physical or
emotional well-being of the children, see id. § 161.001(1)(D); (2)
engaging in conduct or knowingly placing the children with persons who engaged
in conduct which endangers the physical or emotional well-being of the
children, see id. § 161.001(1)(E); (3) constructively abandoning the
children, see id. § 161.001(1)(N); (4) failing to comply with the
provisions of a court order that specifically establish the actions necessary
to obtain the return of the children, see id. § 161.001(1)(O); and (5)
using a controlled substance in a manner that endangered the health or safety
of the children and failing to complete a court-ordered substance abuse
treatment program.  See id. § 161.001(1)(P). 

D.F. timely filed a
motion for new trial and a statement of appellate points with the trial court,
wherein she raised the following complaints:  (1) insufficiency of the evidence
as to termination of her parental rights under Texas Family Code subsections
161.001(1)(D) and (E); (2) insufficiency of the evidence as to the jury’s
finding that termination of her parental rights was in the best interest of
M.F. and B.F.; and (3) challenges to the trial court’s admission of hearsay
statements.  The trial court denied D.F.’s motion for new trial.  This accelerated
appeal ensued.  See id. § 109.002 (Vernon 2008); Tex. R. App. P. 28.1.

II. Prerequisites for Appellate
Review

Texas Family Code section
263.405(b) provides that “if an appeal is sought, a statement of the point or
points on which the party intends to appeal” must be filed with the trial court
within fifteen days from the date the judgment is signed.  Tex. Fam. Code Ann. § 263.405(b)(2)
(Vernon 2008).  The statement of appellate points is crucial.  In re B.G.,
317 S.W.3d 250, 252 (Tex. 2010).  We may not address an issue that is not
included in the statement of appellate points.  Tex. Fam. Code Ann. § 263.405(i) (providing that “[t]he
appellate court may not consider any issue that was not specifically presented
to the trial court in a timely filed statement of the points on which the party
intends to appeal or in a statement combined with a motion for new trial”); see
In re J.H.G., 302 S.W.3d 304, 306 (Tex. 2010) (per curiam).  

Although section
263.405(i) does not prevent an appellate court from considering a claim of
ineffective assistance of counsel or certain constitutional complaints that
were not included in a statement of points, D.F. does not raise these
arguments.  See In re J.O.A., 283 S.W.3d 336, 339 (Tex. 2009); In re
D.W., 249 S.W.3d 625, 632 (Tex. App.–Fort Worth 2008, pet. denied).  Thus,
we are limited to reviewing only those issues that were specifically presented
to the trial court in D.F.’s statement of appellate points.  See Tex. Fam. Code Ann. § 263.405(i); In
re J.H.G., 302 S.W.3d at 306; In re J.J.C., 302 S.W.3d 436, 443-44
(Tex. App.–Houston [14th Dist.] 2009, pet. denied).

On appeal, D.F. asserts
that the evidence was insufficient for the jury to conclude beyond a reasonable
doubt that she violated subsections (D), (E), (N), (O), and (P) of section
161.001(1) of the family code; however, D.F.’s statement of appellate points challenges
only the sufficiency of subsections (D) and (E) of section 161.001(1).  See
Tex. Fam. Code Ann. §
161.001(1)(D)-(E), (N)-(P).  D.F.’s statement of points does not include challenges
to subsections (N), (O), and (P).  Thus, D.F. is unable to properly challenge
these issues on appeal.  See Tex.
Fam. Code Ann. § 263.405(i); In re J.H.G., 302 S.W.3d at 306
(holding that “the mother’s failure to challenge the trial court’s extension of
the statutory deadline in her statement of points waived the issue on appeal”);
In re J.J.C., 302 S.W.3d at 444 (holding that section 263.405(i) “bars
[appellate] consideration of the merits” of issues that were not specifically
set out in the statement of points); see also In re L.N.B., No.
13-08-00337-CV, 2008 WL 3970838, at *1 (Tex. App.–Corpus Christi Aug. 28, 2008,
no pet.) (mem. op.) (“[B]ecause appellant’s issue on appeal does not appear in
his motion for new trial and statement of points, we cannot consider it.”).  

Moreover, “[o]nly one
predicate finding under section 161.001(1) is necessary to support a judgment
of termination when there is also a finding that termination is in the child’s
best interest.”  In re A.V., 113 S.W.3d 355, 362 (Tex. 2003).  Where
multiple section 161.001(1) termination grounds are found by the trial court,
we will affirm based on any one ground.  See id.; In re S.N., 272
S.W.3d 45, 49 (Tex. App.–Waco 2008, no pet.).  On appeal, D.F. does not
challenge the trial court’s finding that termination is in the best interest of
the children, and the unchallenged findings under subsections (N), (O), and (P)
of section 161.001(1) are binding on us.  Flowers v. Tex. Dep’t of Human
Res., Tarrant County Welfare Unit, 629 S.W.2d 891, 893 (Tex. App.–Fort
Worth 1982, no writ) (holding that the trial court’s finding that appellant
“engaged in conduct, which endangers the emotional well-being of the child” was
binding where appellant failed to properly challenge it on appeal); see also
In re V.M.O., No. 07-09-0187-CV, 2009 WL 4893636, at *2 (Tex. App.–Amarillo
Dec. 18, 2009, no pet.) (mem. op.) (holding that the trial court’s
“unchallenged findings supporting termination under subsections (D), (E), and
(Q) [of section 161.001(1)] are binding” on an appellate court).  Thus, the
trial court’s unchallenged finding that termination is in the children’s best
interest coupled with the unchallenged findings under subsection (N), (O), and
(P) suffice to support the trial court’s judgment.  See Perez v. Tex. Dep’t
of Protective & Regulatory Servs., 148 S.W.3d 427, 434 (Tex. App.–El
Paso 2004, no pet.); see also In re V.M.O., 2009 WL 4893636, at *2. 
Accordingly, although properly preserved, we need not address D.F.’s challenges
to the sufficiency of the evidence supporting termination under subsections (D)
and (E) of section 161.001(1).  See In re A.V., 113 S.W.3d at 362; In
re S.N., 272 S.W.3d at 49; see also V.M.O., 2009 WL 4893636, at *2. 
We overrule D.F.’s sole issue. 

III. Conclusion

            Having
overruled D.F.’s sole issue, we affirm the judgment of the trial court.

 

                                                                                                ___________________

                                                                                                Rogelio Valdez

                                                                                                Chief
Justice

 

Delivered and filed the 

2nd day of December, 2010.

                                                

 

                                                                                                

 









[1]
To protect the privacy of the minor children, we refer to them and their
parents by their initials.  See Tex.
Fam. Code Ann. § 109.002(d) (Vernon 2008); see also Tex. R. App. P. 9.8(b).





 

[2]
The parental rights of the children’s father were also terminated; however, he
is not a party to this appeal. 

 





[3]
As this is a memorandum opinion, and the parties are familiar with the facts of
the case, we will only recite those facts which are necessary to advise the
parties of this Court’s decision and the basic reasons for it.  See Tex. R. App. P. 47.1, 47.4.





 

[4]
Officer Cruz described the Red Carpet Inn as “a very high crime rate hotel,” or
“a scumbag’s hangout,” where he had previously “dealt with arrests with crack,
with heroine,” as well as “aggravated stabbings and shootings.”

 





[5]
At trial, J.F. testified that as of June 1, 2009, he had been living at the Red
Carpet Inn for approximately two months.  Additionally, D.F. acknowledged that
she violated a protective order in place against J.F. by staying with him at
the Red Carpet Inn.

 





[6]
Testimony revealed that the Texas Department of Family and Protective Services
(“Department”) was involved with D.F. four times from 2004 to 2009.  Two of
these incidents involved the removal of M.F. from D.F.’s care, and the two
remaining incidents involved the removal of D.F.’s three older children to her
mother’s care.  A caseworker for the Department testified that the removals
were based on “family violence, domestic violence, [and] alcohol and drug
issues.”