

NUMBER 13-10-00248-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN THE INTEREST OF M.F. AND B.F., CHILDREN

On appeal from the County Court at Law No. 5
of Nueces County, Texas.

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Vela
Memorandum Opinion by Chief Justice Valdez

Appellant, D.F., appeals from the trial court's termination of her parental rights to her two children, M.F. and B.F.[1]  At the conclusion of a jury trial, the jury found by clear and convincing evidence that D.F. committed one or more of the specified acts or omissions set out in section 161.001 of the Texas Family Code and that it was in the best interest of M.F. and B.F. to terminate the parent-child relationships between the

---

[1] To protect the privacy of the minor children, we refer to them and their parents by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (Vernon 2008); *see also* TEX. R. APP. P. 9.8(b).

children and D.F.[2]  *See* TEX. FAM. CODE ANN. § 161.001 (Vernon Supp. 2010).  An order of termination to that effect was entered by the trial court.  On appeal, D.F. does not challenge the best interest finding, *see id.* § 161.001(2); instead, she contends that the evidence is legally and factually insufficient to support termination of her parental rights under subsections (D), (E), (N), (O), and (P) of section 161.001(1) of the Texas Family Code.  *See id.* § 161.001(1)(D)-(E), (N)-(P).  We affirm.

## I. BACKGROUND[3]

Officer Rene Cruz encountered D.F. at the Red Carpet Inn located in Corpus Christi, Texas, just after midnight on June 1, 2009.[4]  Officer Cruz testified that D.F. appeared intoxicated, "had quite a bit of blood coming from the left side of her head, was in and out of consciousness," and was "mumbling and slurring" her speech.  D.F. informed Officer Cruz that J.F., her common-law husband and the father of M.F. and B.F, had "head butted" and "assaulted" her.  At some point during the conversation, D.F. told Officer Cruz that she was "very concerned about [M.F. and B.F.] being alone [in a hotel room] with [J.F.] in his condition . . . ."[5]  Officers located one-year-old B.F. unattended in D.F. and J.F.'s hotel room.  Officer Cruz described the hotel room as

---

[2] The parental rights of the children's father were also terminated; however, he is not a party to this appeal.

[3] As this is a memorandum opinion, and the parties are familiar with the facts of the case, we will only recite those facts which are necessary to advise the parties of this Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.1, 47.4.

[4] Officer Cruz described the Red Carpet Inn as "a very high crime rate hotel," or "a scumbag's hangout," where he had previously "dealt with arrests with crack, with heroine," as well as "aggravated stabbings and shootings."

[5] At trial, J.F. testified that as of June 1, 2009, he had been living at the Red Carpet Inn for approximately two months.  Additionally, D.F. acknowledged that she violated a protective order in place against J.F. by staying with him at the Red Carpet Inn.

2

"damp" and "very, very filthy" with empty beer cans, pizza boxes, dirty clothes, and trash on the floor. According to Officer Cruz, the room resembled "a pig's pen" and looked like someone "open[ed] up a trash bag or two of stuff and just kind of spread it out." Having located only B.F., police continued to search for two-year-old M.F. and later found him alone in the parking lot inside D.F. and J.F.'s vehicle. The police were unable to locate J.F.

Officer Cruz determined that it was "absolutely" essential to remove the children to a safer place that night and contacted D.F.'s mother to care for M.F. and B.F. D.F.'s mother informed Officer Cruz that she could not take M.F. and B.F. because she was already providing care for three of D.F.'s children.[6] Unable to locate a family member to care for M.F. and B.F., Officer Cruz contacted the Texas Department of Family and Protective Services ("Department") to take possession of the children.

On June 15, 2009, in a temporary order following an adversary hearing, the trial court appointed the Department temporary managing conservator of M.F. and B.F. D.F. was ordered to: (1) attend, participate in, and complete a domestic violence program, anger management classes, and a parenting class; (2) participate in psychiatric evaluations and individual counseling; (3) participate in drug assessment and substance abuse counseling; (4) participate in random drug testing; and (5) demonstrate her willingness and ability "to protect her children and herself from harm by not violating any Protective/Restraining Order in effect for [J.F.]." The Department subsequently sought permanent termination of D.F.'s parental rights to M.F. and B.F.

---

[6] Testimony revealed that the Texas Department of Family and Protective Services ("Department") was involved with D.F. four times from 2004 to 2009. Two of these incidents involved the removal of M.F. from D.F.'s care, and the two remaining incidents involved the removal of D.F.'s three older children to her mother's care. A caseworker for the Department testified that the removals were based on "family violence, domestic violence, [and] alcohol and drug issues."

On April 22, 2010, a jury found that the statutory grounds for termination were proven by clear and convincing evidence and that termination was in the best interest of M.F. and B.F. Pursuant to the jury's findings, the trial court signed an order of termination on May 13, 2010, finding by clear and convincing evidence that termination was in the children's best interest and that D.F. violated section 161.001 of the family code by: (1) knowingly placing or knowingly allowing the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children, *see id.* § 161.001(1)(D); (2) engaging in conduct or knowingly placing the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children, *see id.* § 161.001(1)(E); (3) constructively abandoning the children, *see id.* § 161.001(1)(N); (4) failing to comply with the provisions of a court order that specifically establish the actions necessary to obtain the return of the children, *see id.* § 161.001(1)(O); and (5) using a controlled substance in a manner that endangered the health or safety of the children and failing to complete a court-ordered substance abuse treatment program. *See id.* § 161.001(1)(P).

D.F. timely filed a motion for new trial and a statement of appellate points with the trial court, wherein she raised the following complaints: (1) insufficiency of the evidence as to termination of her parental rights under Texas Family Code subsections 161.001(1)(D) and (E); (2) insufficiency of the evidence as to the jury's finding that termination of her parental rights was in the best interest of M.F. and B.F.; and (3) challenges to the trial court's admission of hearsay statements. The trial court denied D.F.'s motion for new trial. This accelerated appeal ensued. *See id.* § 109.002 (Vernon 2008); TEX. R. APP. P. 28.1.

4

## II. PREREQUISITES FOR APPELLATE REVIEW

Texas Family Code section 263.405(b) provides that "if an appeal is sought, a statement of the point or points on which the party intends to appeal" must be filed with the trial court within fifteen days from the date the judgment is signed. TEX. FAM. CODE ANN. § 263.405(b)(2) (Vernon 2008). The statement of appellate points is crucial. *In re B.G.*, 317 S.W.3d 250, 252 (Tex. 2010). We may not address an issue that is not included in the statement of appellate points. TEX. FAM. CODE ANN. § 263.405(i) (providing that "[t]he appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial"); *see In re J.H.G.*, 302 S.W.3d 304, 306 (Tex. 2010) (per curiam).

Although section 263.405(i) does not prevent an appellate court from considering a claim of ineffective assistance of counsel or certain constitutional complaints that were not included in a statement of points, D.F. does not raise these arguments. *See In re J.O.A.*, 283 S.W.3d 336, 339 (Tex. 2009); *In re D.W.*, 249 S.W.3d 625, 632 (Tex. App.–Fort Worth 2008, pet. denied). Thus, we are limited to reviewing only those issues that were specifically presented to the trial court in D.F.'s statement of appellate points. *See* TEX. FAM. CODE ANN. § 263.405(i); *In re J.H.G.*, 302 S.W.3d at 306; *In re J.J.C.*, 302 S.W.3d 436, 443-44 (Tex. App.–Houston [14th Dist.] 2009, pet. denied).

On appeal, D.F. asserts that the evidence was insufficient for the jury to conclude beyond a reasonable doubt that she violated subsections (D), (E), (N), (O), and (P) of section 161.001(1) of the family code; however, D.F.'s statement of appellate points challenges only the sufficiency of subsections (D) and (E) of section 161.001(1). *See*

TEX. FAM. CODE ANN. § 161.001(1)(D)-(E), (N)-(P). D.F.'s statement of points does not include challenges to subsections (N), (O), and (P). Thus, D.F. is unable to properly challenge these issues on appeal. *See* TEX. FAM. CODE ANN. § 263.405(i); *In re J.H.G.*, 302 S.W.3d at 306 (holding that "the mother's failure to challenge the trial court's extension of the statutory deadline in her statement of points waived the issue on appeal"); *In re J.J.C.*, 302 S.W.3d at 444 (holding that section 263.405(i) "bars [appellate] consideration of the merits" of issues that were not specifically set out in the statement of points); *see also In re L.N.B.*, No. 13-08-00337-CV, 2008 WL 3970838, at *1 (Tex. App.–Corpus Christi Aug. 28, 2008, no pet.) (mem. op.) ("[B]ecause appellant's issue on appeal does not appear in his motion for new trial and statement of points, we cannot consider it.").

Moreover, "[o]nly one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest." *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Where multiple section 161.001(1) termination grounds are found by the trial court, we will affirm based on any one ground. *See id.*; *In re S.N.*, 272 S.W.3d 45, 49 (Tex. App.–Waco 2008, no pet.). On appeal, D.F. does not challenge the trial court's finding that termination is in the best interest of the children, and the unchallenged findings under subsections (N), (O), and (P) of section 161.001(1) are binding on us. *Flowers v. Tex. Dep't of Human Res., Tarrant County Welfare Unit*, 629 S.W.2d 891, 893 (Tex. App.–Fort Worth 1982, no writ) (holding that the trial court's finding that appellant "engaged in conduct, which endangers the emotional well-being of the child" was binding where appellant failed to properly challenge it on appeal); *see also In re V.M.O.*, No. 07-09-0187-CV, 2009 WL

6

4893636, at *2 (Tex. App.–Amarillo Dec. 18, 2009, no pet.) (mem. op.) (holding that the trial court's "unchallenged findings supporting termination under subsections (D), (E), and (Q) [of section 161.001(1)] are binding" on an appellate court). Thus, the trial court's unchallenged finding that termination is in the children's best interest coupled with the unchallenged findings under subsection (N), (O), and (P) suffice to support the trial court's judgment. *See Perez v. Tex. Dep't of Protective & Regulatory Servs.*, 148 S.W.3d 427, 434 (Tex. App.–El Paso 2004, no pet.); *see also In re V.M.O.*, 2009 WL 4893636, at *2. Accordingly, although properly preserved, we need not address D.F.'s challenges to the sufficiency of the evidence supporting termination under subsections (D) and (E) of section 161.001(1). *See In re A.V.*, 113 S.W.3d at 362; *In re S.N.*, 272 S.W.3d at 49; *see also V.M.O.*, 2009 WL 4893636, at *2. We overrule D.F.'s sole issue.

### III. CONCLUSION

Having overruled D.F.'s sole issue, we affirm the judgment of the trial court.

ROGELIO VALDEZ
Chief Justice

Delivered and filed the
2nd day of December, 2010.

7