02-10-324-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00324-CV

 

 


 
 
 In the Interest of H.S.B. and E.N.B., Children
 
 
  
 
 
  
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


----------

 

FROM THE 323rd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Mother appeals the termination of her parental rights to H.S.B. and E.N.B.  Mother’s
combined statement of points and motion for new trial asserts as one of her statement
of points that

          2.       A
new trial should be granted to Respondent because the evidence is legally and
factually insufficient to support this Court’s judgment.  Specifically, the
evidence is legally and factually insufficient to support this Court’s judgment
in that the State produced insufficient evidence to justify the termination of
the Respondent’s parental rights. 

 

In
Mother’s sole issue on appeal, she contends that the evidence is legally and
factually insufficient to support the termination of her parental rights because
legally and factually insufficient evidence exists that termination is in the best
interest of the children.  Mother’s brief, however, contains no argument or
record references explaining how the evidence is legally or factually
insufficient to support a best interest finding under the Holley best
interest factors or the section 263.307(b) best interest factors.  Tex. Fam.
Code Ann. § 263.307(b) (Vernon 2008); Holley v. Adams, 544 S.W.2d
367, 371–72 (Tex. 1976).  Instead, Mother’s sole argument in her brief is that
the trial court’s termination judgment should be reversed because the Texas
Department of Family and Protective Services “was under a duty to place the
children with the [couple that Mother suggested] as required under Texas Family
Code Section 262.114.” 

Texas
Family Code section 263.405(i)[2] prohibits this court from
considering in a termination-of-parental-rights appeal any issue that was not
presented to the trial court in a timely filed statement of points.  Tex. Fam.
Code Ann. § 263.405(i).  Here, Mother did not include the challenge that she
makes on appeal in her statement of points; Mother’s statement of points does
not include a claim that TDFPS allegedly violated section 262.114. 
Consequently, we are prohibited from considering Mother’s appellate complaint that
TDFPS violated section 262.114; that complaint is waived.  See In re J.H.G.,
302 S.W.3d 304, 306 (Tex. 2010) (holding that mother’s failure to challenge
trial court’s extension of statutory deadline in her statement of points waived
the issue on appeal); In re K.B., No. 02-09-00441-CV, 2010 WL 4028107,
at *15 (Tex. App.—Fort Worth Oct. 14, 2010, no pet.) (mem. op.) (holding that
Mother’s failure to include constitutional challenge in statement of points waived
the issue on appeal).

Even
if somehow Mother’s inclusion in her statement of points of a challenge to the
legal and factual sufficiency of the evidence supporting termination can be
construed as a complaint that TDFPS allegedly violated section 262.114, this
complaint is not a ground for reversal on appeal.  See In re C.C., No.
02-04-00206-CV, 2005 WL1244672, at *6–7 (Tex. App.—Fort Worth May 26, 2005, no
pet.) (mem. op.) (citing In re C.H., 89 S.W.3d 17, 28 (Tex. 2002), and explaining
that TDFPS has no duty to make placement with relative before parent’s rights
can be terminated; the fact that placement plans are not final or that
placement will be with nonrelatives does not bar termination).

We
overrule Mother’s sole issue, and we affirm the trial court’s judgment.

 

 

 

PER CURIAM

 

PANEL: 
WALKER,
MCCOY, and MEIER, JJ.

 

DELIVERED:  April 14, 2011









[1]See Tex. R. App. P. 47.4.





[2]Texas
Family Code section 263.405(i) provides,

The appellate court
may not consider any issue that was not specifically presented to the trial
court in a timely filed statement of points on which the party intends to
appeal or in a statement combined with a motion for new trial.  For purposes of
this subsection, a claim that a judicial decision is contrary to the evidence
or that the evidence is factually or legally insufficient is not sufficiently
specific to preserve an issue for appeal.

 

Tex. Fam. Code Ann. §
263.405(i) (Vernon 2008).