

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-10-00324-CV

IN THE INTEREST OF H.S.B. AND
E.N.B., CHILDREN

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Mother appeals the termination of her parental rights to H.S.B. and E.N.B. Mother's combined statement of points and motion for new trial asserts as one of her statement of points that

> 2.  A new trial should be granted to Respondent because the evidence is legally and factually insufficient to support this Court's judgment. Specifically, the evidence is legally and factually insufficient to support this Court's judgment in that the State produced insufficient evidence to justify the termination of the Respondent's parental rights.

---

[1]*See* Tex. R. App. P. 47.4.

In Mother's sole issue on appeal, she contends that the evidence is legally and factually insufficient to support the termination of her parental rights because legally and factually insufficient evidence exists that termination is in the best interest of the children. Mother's brief, however, contains no argument or record references explaining how the evidence is legally or factually insufficient to support a best interest finding under the *Holley* best interest factors or the section 263.307(b) best interest factors. Tex. Fam. Code Ann. § 263.307(b) (Vernon 2008); *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). Instead, Mother's sole argument in her brief is that the trial court's termination judgment should be reversed because the Texas Department of Family and Protective Services "was under a duty to place the children with the [couple that Mother suggested] as required under Texas Family Code Section 262.114."

Texas Family Code section 263.405(i)[2] prohibits this court from considering in a termination-of-parental-rights appeal any issue that was not presented to the trial court in a timely filed statement of points. Tex. Fam. Code

---

[2]Texas Family Code section 263.405(i) provides,

> The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.

Tex. Fam. Code Ann. § 263.405(i) (Vernon 2008).

Ann. § 263.405(i). Here, Mother did not include the challenge that she makes on appeal in her statement of points; Mother's statement of points does not include a claim that TDFPS allegedly violated section 262.114. Consequently, we are prohibited from considering Mother's appellate complaint that TDFPS violated section 262.114; that complaint is waived. *See In re J.H.G.*, 302 S.W.3d 304, 306 (Tex. 2010) (holding that mother's failure to challenge trial court's extension of statutory deadline in her statement of points waived the issue on appeal); *In re K.B.*, No. 02-09-00441-CV, 2010 WL 4028107, at *15 (Tex. App.—Fort Worth Oct. 14, 2010, no pet.) (mem. op.) (holding that Mother's failure to include constitutional challenge in statement of points waived the issue on appeal).

Even if somehow Mother's inclusion in her statement of points of a challenge to the legal and factual sufficiency of the evidence supporting termination can be construed as a complaint that TDFPS allegedly violated section 262.114, this complaint is not a ground for reversal on appeal. *See In re C.C.*, No. 02-04-00206-CV, 2005 WL1244672, at *6–7 (Tex. App.—Fort Worth May 26, 2005, no pet.) (mem. op.) (citing *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002), and explaining that TDFPS has no duty to make placement with relative before parent's rights can be terminated; the fact that placement plans are not final or that placement will be with nonrelatives does not bar termination).

We overrule Mother's sole issue, and we affirm the trial court's judgment.


PER CURIAM

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DELIVERED:  April 14, 2011