02-10-354-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00354-CV

 

 


 
 
 In the Interest of G.G.C. and Z.G., Minor Children
 
 
  
 
 
  
 
 
 
 
  
  
  
 
 
 
 
  
 
 
  
 
 
  
 
 


 

 

----------

 

FROM THE 323rd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          In
two issues, Appellant Mother appeals the termination of her parental rights to
G.G.C. and Z.G., arguing that the evidence is legally and factually
insufficient to support the trial court’s finding that it is in the children’s
best interest to terminate her parental rights to them.  The Department of
Family and Protective Services (DFPS) responds that Mother forfeited these
issues by her failure to include them in her statement of points.  See
Tex. Fam. Code Ann. § 263.405(i) (Vernon 2008); In re J.H.G., 302
S.W.3d 304, 306 (Tex. 2010).

          In
J.H.G., the Texas Supreme Court stated that we may not address an issue
that is not included in a timely filed statement of points.  302 S.W.3d at 306
(citing Tex. Fam. Code Ann. § 263.405(i)); see also In re O.E.W.-K.,
No. 02-10-00199-CV, 2011 WL 1225470, at *24 n.35 (Tex. App.—Fort Worth Mar. 31,
2011, no pet. h.) (mem. op.) (citing J.H.G. for the proposition that the
court is prohibited from addressing issues that the mother did not raise in her
statement of points); In re K.B., No. 02-09-00441-CV, 2010 WL 4028107,
at *15 (Tex. App.—Fort Worth Oct. 14, 2010, no pet.) (mem. op.) (same).

          Mother
replies that J.H.G. should not apply here because she raised the
sufficiency of the evidence to support the termination’s endangerment grounds
in her statement of points, and she argues that the legal and factual issues
involved in determining best interest are “virtually interchangeable” with
endangerment.  Therefore, she contends, “although the wording may differ to an
extent, the Appellee was sufficiently put on notice of the issues to be
challenged” in her statement of points.

          Mother’s
motion for new trial, statement of points, and the record of the hearing on
Mother’s motion for new trial do not mention the “best interest” issues she now
presents on appeal.  Further, although we may consider endangerment when
determining the legal and factual sufficiency of the evidence in support of a
best interest finding, the terms are not interchangeable.  See, e.g., In re
D.M., 58 S.W.3d 801, 814 (Tex. App.—Fort Worth 2001, no pet.) (“While
Appellant’s history, admissions, and conduct . . . support the jury’s
endangerment finding, this evidence is also relevant to a best interest
determination.”).  That is, while we may consider endangerment as relevant to a
best interest determination, we also consider the following factors in
evaluating the parent’s willingness and ability to provide a safe environment
for her children:

(1) the child’s age
and physical and mental vulnerabilities;

 

(2) the frequency and
nature of out-of-home placements;

 

(3) the magnitude,
frequency, and circumstances of the harm to the child;

 

(4) whether the child
has been the victim of repeated harm after the initial report and intervention
by the department or other agency;

 

(5) whether the child
is fearful of living in or returning to the child’s home;

 

(6) the results of
psychiatric, psychological, or developmental evaluations of the child, the
child’s parents, other family members, or others who have access to the child’s
home;

 

(7) whether there is
a history of abusive or assaultive conduct by the child’s family or others who
have access to the child’s home;

 

(8) whether there is
a history of substance abuse by the child’s family or others who have access to
the child’s home;

 

(9) whether the
perpetrator of the harm to the child is identified;

 

(10) the willingness
and ability of the child’s family to seek out, accept, and complete counseling
services and to cooperate with and facilitate an appropriate agency’s close
supervision;

 

(11) the willingness
and ability of the child’s family to effect positive environmental and personal
changes within a reasonable period of time;

 

(12) whether the
child’s family demonstrates adequate parenting skills, including providing the
child and other children under the family’s care with:

 

(A) minimally
adequate health and nutritional care;

 

(B) care, nurturance,
and appropriate discipline consistent with the child’s physical and
psychological development;

 

(C) guidance and
supervision consistent with the child’s safety;

 

(D) a safe physical
home environment;

 

(E) protection from
repeated exposure to violence even though the violence may not be directed at
the child;  and

 

(F) an understanding
of the child’s needs and capabilities;  and

 

(13) whether an
adequate social support system consisting of an extended family and friends is
available to the child.

 

Tex.
Fam. Code Ann. § 263.307(b) (Vernon 2008); In re R.R., 209 S.W.3d 112,
116 (Tex. 2006).  

          Additionally,
the trier of fact may also use the following nonexclusive factors to determine
the best interest of the child, including:

(A)     the desires
of the child;

 

(B)     the emotional
and physical needs of the child now and in the future;

 

(C)     the emotional
and physical danger to the child now and in the future;

 

(D)     the parental
abilities of the individuals seeking custody; 

 

(E)     the programs
available to assist these individuals to promote the best interest of the
child;

 

(F)     the plans for
the child by these individuals or by the agency seeking custody;

 

(G)     the stability
of the home or proposed placement;

 

(H)     the acts or
omissions of the parent which may indicate that the existing parent-child
relationship is not a proper one; and

 

(I)      any excuse
for the acts or omissions of the parent.

 

Holley
v. Adams, 544 S.W.2d 367, 371–72 (Tex. 1976).  These factors are
not exhaustive; some listed factors may be inapplicable to some cases; other
factors not on the list may also be considered when appropriate.  In re C.H.,
89 S.W.3d 17, 27 (Tex. 2002).  Furthermore, while undisputed evidence of just
one factor may be sufficient in a particular case to support a finding that
termination is in the best interest of the child, the presence of scant
evidence relevant to each factor will not support such a finding.  Id.

          Finally,
termination may not be based solely on the best interest of the child as
determined by the trier of fact; rather the petitioner must also establish one
ground listed under section 161.001(1).  Tex. Dep’t of Human Servs. v. Boyd,
727 S.W.2d 531, 533 (Tex. 1987); see also Tex. Fam. Code Ann.
§ 161.001(1), (2) (Vernon Supp. 2010) (requiring that the court find by
clear and convincing evidence that a parent has violated a ground from the list
under subsection (1) and that termination is in the best interest of the
child under subsection (2)).  If the legislature had intended for section
161.001(1)(D) or (E)—the endangerment grounds for termination—to be
interchangeable with the best interest requirement, it would have worded the
statute differently.  See Gonzalez v. Guilbot, 315 S.W.3d 533,
540 (Tex. 2010) (“When construing statutes, courts must look first to the plain
and common meaning of the words chosen.  If the statutory language is
unambiguous, the judge’s inquiry is at an end.” (citations omitted)), cert.
denied, 131 S. Ct. 951 (2011). 

          Mother’s
failure to challenge the legal and factual sufficiency of the evidence to
support the trial court’s best interest finding in her statement of points
forfeited these issues on appeal.  See Tex. Fam. Code Ann. § 263.405(i);
J.H.G., 302 S.W.3d at 306; see also O.E.W.-K., 2011 WL 1225470,
at *24 n.35; K.B., 2010 WL 4028107, at *15.  Therefore, we overrule
Mother’s two issues and affirm the trial court’s judgment.

 

PER CURIAM

 

PANEL: 
MCCOY,
J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

 

DELIVERED:  April 28, 2011 









[1]See Tex. R. App. P. 47.4.