

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00354-CV

IN THE INTEREST OF G.G.C. AND
Z.G., MINOR CHILDREN

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In two issues, Appellant Mother appeals the termination of her parental rights to G.G.C. and Z.G., arguing that the evidence is legally and factually insufficient to support the trial court's finding that it is in the children's best interest to terminate her parental rights to them.  The Department of Family and Protective Services (DFPS) responds that Mother forfeited these issues by her

---

[1]*See* Tex. R. App. P. 47.4.

failure to include them in her statement of points. *See* Tex. Fam. Code Ann. § 263.405(i) (Vernon 2008); *In re J.H.G.*, 302 S.W.3d 304, 306 (Tex. 2010).

In *J.H.G.*, the Texas Supreme Court stated that we may not address an issue that is not included in a timely filed statement of points. 302 S.W.3d at 306 (citing Tex. Fam. Code Ann. § 263.405(i)); *see also In re O.E.W.-K.*, No. 02-10-00199-CV, 2011 WL 1225470, at *24 n.35 (Tex. App.—Fort Worth Mar. 31, 2011, no pet. h.) (mem. op.) (citing *J.H.G.* for the proposition that the court is prohibited from addressing issues that the mother did not raise in her statement of points); *In re K.B.*, No. 02-09-00441-CV, 2010 WL 4028107, at *15 (Tex. App.—Fort Worth Oct. 14, 2010, no pet.) (mem. op.) (same).

Mother replies that *J.H.G.* should not apply here because she raised the sufficiency of the evidence to support the termination's endangerment grounds in her statement of points, and she argues that the legal and factual issues involved in determining best interest are "virtually interchangeable" with endangerment. Therefore, she contends, "although the wording may differ to an extent, the Appellee was sufficiently put on notice of the issues to be challenged" in her statement of points.

Mother's motion for new trial, statement of points, and the record of the hearing on Mother's motion for new trial do not mention the "best interest" issues she now presents on appeal. Further, although we may consider endangerment when determining the legal and factual sufficiency of the evidence in support of a best interest finding, the terms are not interchangeable. *See, e.g., In re D.M.*, 58

2

S.W.3d 801, 814 (Tex. App.—Fort Worth 2001, no pet.) ("While Appellant's history, admissions, and conduct . . . support the jury's endangerment finding, this evidence is also relevant to a best interest determination."). That is, while we may consider endangerment as relevant to a best interest determination, we also consider the following factors in evaluating the parent's willingness and ability to provide a safe environment for her children:

(1) the child's age and physical and mental vulnerabilities;

(2) the frequency and nature of out-of-home placements;

(3) the magnitude, frequency, and circumstances of the harm to the child;

(4) whether the child has been the victim of repeated harm after the initial report and intervention by the department or other agency;

(5) whether the child is fearful of living in or returning to the child's home;

(6) the results of psychiatric, psychological, or developmental evaluations of the child, the child's parents, other family members, or others who have access to the child's home;

(7) whether there is a history of abusive or assaultive conduct by the child's family or others who have access to the child's home;

(8) whether there is a history of substance abuse by the child's family or others who have access to the child's home;

(9) whether the perpetrator of the harm to the child is identified;

(10) the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision;

(11) the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time;

(12) whether the child's family demonstrates adequate parenting skills, including providing the child and other children under the family's care with:

> (A) minimally adequate health and nutritional care;

> (B) care, nurturance, and appropriate discipline consistent with the child's physical and psychological development;

> (C) guidance and supervision consistent with the child's safety;

> (D) a safe physical home environment;

> (E) protection from repeated exposure to violence even though the violence may not be directed at the child;  and

> (F) an understanding of the child's needs and capabilities; and

(13) whether an adequate social support system consisting of an extended family and friends is available to the child.

Tex. Fam. Code Ann. § 263.307(b) (Vernon 2008); *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006).

Additionally, the trier of fact may also use the following nonexclusive factors to determine the best interest of the child, including:

(A)    the desires of the child;

(B)    the emotional and physical needs of the child now and in the future;

(C)    the emotional and physical danger to the child now and in the future;

(D)     the parental abilities of the individuals seeking custody;

(E)     the programs available to assist these individuals to promote the best interest of the child;

(F)     the plans for the child by these individuals or by the agency seeking custody;

(G)     the stability of the home or proposed placement;

(H)     the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and

(I)     any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976).  These factors are not exhaustive; some listed factors may be inapplicable to some cases; other factors not on the list may also be considered when appropriate.  *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002).  Furthermore, while undisputed evidence of just one factor may be sufficient in a particular case to support a finding that termination is in the best interest of the child, the presence of scant evidence relevant to each factor will not support such a finding.  *Id*.

Finally, termination may not be based solely on the best interest of the child as determined by the trier of fact; rather the petitioner must also establish one ground listed under section 161.001(1).  *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987); *see also* Tex. Fam. Code Ann. § 161.001(1), (2) (Vernon Supp. 2010) (requiring that the court find by clear and convincing evidence that a parent has violated a ground from the list under subsection (1) *and* that termination is in the best interest of the child under

subsection (2)).  If the legislature had intended for section 161.001(1)(D) or (E)—the endangerment grounds for termination—to be interchangeable with the best interest requirement, it would have worded the statute differently.  *See Gonzalez v. Guilbot*, 315 S.W.3d 533, 540 (Tex. 2010) ("When construing statutes, courts must look first to the plain and common meaning of the words chosen.  If the statutory language is unambiguous, the judge's inquiry is at an end." (citations omitted)), *cert. denied*, 131 S. Ct. 951 (2011).

Mother's failure to challenge the legal and factual sufficiency of the evidence to support the trial court's best interest finding in her statement of points forfeited these issues on appeal.  *See* Tex. Fam. Code Ann. § 263.405(i); *J.H.G.*, 302 S.W.3d at 306; *see also O.E.W.-K.*, 2011 WL 1225470, at *24 n.35; *K.B.*, 2010 WL 4028107, at *15.  Therefore, we overrule Mother's two issues and affirm the trial court's judgment.

PER CURIAM

PANEL:  MCCOY, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DELIVERED:  April 28, 2011