IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00375-CV

 

In
the Interest of

M.N.R.,
M.E.R., M.R., & A.R., Minor Children,

 

 

 



From the County Court
at Law No. 1

Johnson County, Texas

Trial Court No. D200900076

 



MEMORANDUM Opinion



 

Appellant,
Uvaldo Cortinas Ramirez a/k/a Ubaldo Cortinas Ramirez, through his
court-appointed attorney and with the aid of a court-appointed interpreter,
participated in voir dire and selected a jury to determine whether his parental
rights should be terminated.  After the jury was selected and during the trial,
appellant, in open court, executed an irrevocable affidavit of voluntary
relinquishment of his parental rights to the Texas Department of Family and
Protective Services, again with the assistance of his attorney and the interpreter. 
After signing the relinquishment affidavit, the jury was dismissed and the
trial court terminated appellant’s parental rights to M.N.R., M.E.R., M.R., and
A.R.  It is from the trial court’s termination order and subsequent
frivolousness finding that appellant now appeals.  We affirm.

I.                  
Background

After the trial court entered its
termination order, appellant filed a motion for new trial, a notice of
accelerated appeal, and a statement of points on appeal, in accordance with
section 263.405 of the family code.  See Tex. Fam. Code Ann. § 263.405 (West 2008).  The trial court
conducted a hearing on appellant’s motion for new trial.  At the hearing,
appellant’s attorney expressed that appellant had “changed his mind” about
signing the irrevocable relinquishment of his parental rights to the children
and that he wanted a new trial, though he did not offer any evidence at this
hearing in support of his motion.  Furthermore, appellant did not contend that
his execution of the relinquishment affidavit was involuntary.  At the
conclusion of the hearing, the trial court denied appellant’s motion for new
trial and concluded that appellant’s appeal would be frivolous.

            Nevertheless, in his
statement of points, appellant argued that:  (1) subsection 161.103(e) of the
family code is unconstitutional because it denies parents an opportunity to
reconsider their decision to relinquish parental rights; and (2) section
263.401 of the family code is unconstitutional because it arbitrarily requires
a trial within eighteen months.  However, on appeal, appellant’s initial brief
lacked any legal argument on the constitutionality of these statutes.  Instead,
he argued that section 263.405(g) was unconstitutional, though this argument
was not contained in his statement of points.  See Tex. Fam. Code Ann. § 263.405(i) (West
2008) (providing that an appellate court may not consider arguments that were
not made in appellant’s statement of points); In re J.H.G., 302 S.W.3d
304, 306 (Tex. 2010).  On May 4, 2011, we issued an order requesting that
appellant brief his issues regarding subsection 161.103(e) and section
263.401.  In response to our May 4, 2011 order, appellant filed a supplemental
brief, wherein he argued that subsection 161.103(e) and section 263.401 are
unconstitutional.  Based on the arguments contained in his supplemental brief,
we analyze the trial court’s frivolousness finding.  

II.               
Applicable Law

If a trial court
makes a frivolousness finding, the aggrieved parent can appeal; however, the
appeal is initially limited to the frivolousness issue.  See Tex. Fam. Code Ann. § 263.405(g); In
re K.D., 202 S.W.3d 860, 865 (Tex. App.—Fort Worth 2006, no pet.) (“[O]nce
the trial court determines that an appeal is frivolous, the scope of appellate
review is statutorily limited to a review of the trial court’s frivolousness
finding.”).  Thus, before we can reach the substantive merits of an appeal in
which a frivolousness finding has been made, we must first determine whether
the trial court properly found the appeal to be frivolous.  See Lumpkin v.
Dep’t of Family & Protective Servs., 260 S.W.3d 524, 526 (Tex.
App.—Houston [1st Dist.] 2008, no pet.) (citing In re S.T., 239 S.W.3d
452, 454 (Tex. App.—Waco 2007, pet. denied)).

We review a
trial court’s frivolous finding under an abuse of discretion.  Id.  In
applying that standard, we must decide whether the trial court acted without
reference to any guiding rules or principles or, in other words, whether the
act was arbitrary or unreasonable.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985).

Section
263.405(d)(3) of the family code directs the trial court to determine whether
an appeal from a termination order is frivolous “as provided by section
13.003(b), Civil Practices and Remedies Code.”  Tex. Fam. Code Ann. § 263.405(d)(3) (West 2008); see
Lumpkin, 260 S.W.3d at 527.  “In determining whether an appeal is
frivolous, a judge may consider whether the appellant has presented a
substantial question for appellate review.”  Tex.
Civ. Prac. & Rem. Code Ann. § 13.003(b) (West 2002); see Lumpkin,
260 S.W.3d at 527.  An appeal is frivolous when it lacks an arguable basis
either in law or in fact.  In re K.D., 202 S.W.3d at 866.

III.            
Discussion

As stated
earlier, appellant asserts on appeal that subsection 161.103(e) and section
263.401 are unconstitutional.  With respect to his section 263.401 argument,
appellant recognizes that the Houston First Court of Appeals has already
concluded that section 263.401 is constitutional.[1] 
See Tex. Dep’t of Family & Protective Servs. v. Dickensheets, 274
S.W.3d 150, 161 (Tex. App.—Houston [1st Dist.] 2008, no pet.).  However, in
attempting to undermine the Dickensheets decision, appellant references
the Texas Speedy Trial Act and the court of criminal appeals’ decision in Meshell
v. State, 739 S.W.2d 246 (Tex. Crim. App. 1987) and asserts that section
263.401 is violative of the separation of powers doctrine because the
legislature enacted a law dictating a particular judicial action.  The Dickensheets
court rejected arguments that are virtually identical to those made by
appellant.  Dickensheets, 274 S.W.3d at 155-61.  In fact, the Dickensheets
court addressed the Texas Speedy Trial Act and the Meshell decision and
concluded that section 263.401 is distinguishable from the Texas Speedy Trial Act,
which was held to be an impermissible encroachment upon prosecutorial
discretion, in violation of the Texas and United States Constitutions’
separation of powers provisions.  Id. at 155-61; see Meshell, 739
S.W.2d at 256-57.  In addition, appellant has failed to point to any evidence
demonstrating that the deadlines set forth in section 263.401 somehow
contributed to his decision to sign the affidavit of relinquishment of parental
rights to his children.  Because appellant’s constitutional argument has already
been rejected by one of our sister courts and because appellant has not
directed us to evidence demonstrating that, because of section 263.401’s
deadlines, he signed the relinquishment affidavit involuntarily, we conclude
that appellant’s argument pertaining to section 263.401 lacks an arguable basis
in law and in fact.  As such, we cannot say that the trial court abused its
discretion in rejecting this argument as frivolous.  See In re K.D., 202
S.W.3d at 866.

In considering
the argument that subsection 161.103(e) is unconstitutional, it is important to
note that “a party who requests relief cannot complain on appeal if that relief
is granted.”  In re J.L.C., 194 S.W.3d 667, 673 (Tex. App.—Fort Worth
2006, no pet.).  Here, appellant voluntarily requested the relinquishment of
his parental rights, and at no point has he challenged the voluntariness of the
relinquishment or that the relinquishment was the result of overreaching,
fraud, or duress.  See In re R.B., 225 S.W.3d 798, 803-04 (Tex.
App.—Fort Worth 2007, no pet.) (holding that the fact appellants were under
considerable pressure to make a decision and faced potential criminal charges
or the removal of their unaffected children did not mean affidavits of
relinquishment were the result of duress or other wrongdoing); see also
Rodriguez v. Tex. Dep’t of Family & Protective Servs., No.
03-09-00450-CV, 2010 Tex. App. LEXIS 3233, at **4-5 (Tex. App.—Austin Apr. 28,
2010, no pet.) (mem. op.) (concluding that the trial court did not abuse its
discretion in determining that a parent’s appeal was frivolous when the record
did not contain any “evidence that the [relinquishment] affidavit was procured
by improper means or that it was involuntary”); In re J.T., No.
04-08-00068-CV, 2009 Tex. App. LEXIS 4087, at **9-11 (Tex. App.—San Antonio
June 10, 2009, pet. denied) (mem. op.) (holding that the trial court did not
abuse its discretion in determining that an appeal was frivolous when both
parents voluntarily signed relinquishment affidavits, though they allegedly
endured “intense emotions and pressure”).  By allowing appellant to change his
mind after voluntarily relinquishing his parental rights, the stability of the
children’s placement would be undermined, which cannot possibly be in the
children’s best interest.  See In re McAda, 780 S.W.2d at 310; see
also Brown, 627 S.W.2d at 393.

Furthermore, in
arguing that subsection 161.103(e) is unconstitutional, appellant does not cite
to any authority to support his contention.  He merely makes an argument based
upon “buyer’s remorse.”  Appellant asserts that because one is often allowed a
“cooling off period” to permit reflection on the purchase of a refrigerator, he
should have been provided an opportunity to reconsider the relinquishment of
his parental rights.  This comparison is unsupported by the law.  See In re
McAda, 780 S.W.2d 307, 310 (Tex. App.—Amarillo 1989, writ denied) (noting
that “[e]ven constitutional rights of the highest order subject to the most
jealous protection of the courts may be waived” and holding that “in the
absence of state grounds of fraud, misrepresentation, overreaching, or the
like, there is no basis upon which to invalidate the affidavit or its waiver of
revocability”).  Clearly, the State has a legitimate interest in ensuring the security
and stability for children placed in this position.  See id. (“’When a
parent voluntarily terminates this parent-child bond, the best interests of the
child become paramount’ . . .  Due process does not require the child’s rights
be sacrificed to preserve rights which the parent has waived.”) (quoting Brown
v. McLennan County Children’s Protective Servs., 627 S.W.2d 390, 393 (Tex.
1982)).

The State simply
has no similar legitimate interest regarding the security and stability of the
placement of kitchen appliances.  What might be legitimate as to an Amana might
not be legitimate as to an Amanda.  As such, we conclude that appellant’s
argument pertaining to subsection 161.103(e) lacks an arguable basis in the law
and in fact; thus, we cannot say that the trial court abused its discretion in
determining that this issue is frivolous.  See In re K.D., 202 S.W.3d at
866. 

            Based on the foregoing, we
conclude that appellant has not presented a substantial question for appellate
review; thus, his appeal is frivolous.  See Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b); see also
Lumpkin, 260 S.W.3d at 527.  Accordingly, we affirm the trial court’s frivolousness
finding.  And because appellant’s appeal is frivolous, we need not address the
merits of his complaints pertaining to the trial court’s termination order.  See
Tex. R. App. P. 47.1; see also
Lumpkin, 260 S.W.3d at 526; In re S.T., 239 S.W.3d at 454.

 

AL SCOGGINS

                                                                                    Justice

 

 

Before Chief
Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

            (Chief
Justice Gray concurring with a note)*

(Justice
Davis dissenting)

Affirmed

Opinion
delivered and filed August 24, 2011

[CV06]

 

*(Chief
Justice Gray concurs in the Court’s judgment to the extent that it affirms the
trial court’s judgment terminating the parental rights of Uvaldo Cortinas
Ramirez a/k/a Ubaldo Cortinas Ramirez, to his children.  A separate opinion
fully explaining the reasons for not joining the other justices’ opinions will
not issue.  He notes, however, that based on the procedural posture of the case,
as initially presented to this Court, see Order issued May 4, 2011 (footnote
1), he would not have requested additional briefing and would have at that time
affirmed the trial court’s decision that the appeal was frivolous and,
therefore, does not reach the issues presented in the statement of points
either directly or indirectly.)

 

 








 









[1] In challenging the constitutionality of
section 263.401, appellant hopes to suspend the time frame outlined so that his
pending criminal case can be resolved before he makes a final decision
regarding his children.  As stated herein, appellant voluntarily signed the
relinquishment affidavit, and perhaps more importantly, the State has a
legitimate purpose to seek security and stability for the children, rather than
subject them to appellant’s ever-changing desires.  See Brown v. McLennan
County Children’s Protective Servs., 627 S.W.2d 390, 393-94 (Tex. 1982)
(“Once that child has been surrendered . . . the safety,
education, care[,] and protection of the child, not the contentment or welfare
of the parent, is of utmost importance.”).