

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00236-CV

## IN THE INTEREST OF M.M.W., A CHILD

**From the 13th District Court
Navarro County, Texas
Trial Court No. 09-18650-CV**

## MEMORANDUM  OPINION

Eric W. appeals from the trial court's judgment terminating his parental rights to M.M.W.[1]  The trial court entered a judgment of termination based upon a jury verdict. The jury charge set out three grounds for terminating Eric's parental rights (1) conditions or surroundings that endanger the children (2) conduct that endangers the children, and (3) failure to comply with a court order.  TEX. FAM. CODE ANN. § 161.001 (1) (D) (E) (O) (Vernon Supp. 2010).  The jury found by clear and convincing evidence that one or more of the alleged grounds for termination was established and that termination was in the best interest of the children.  We affirm the trial court's judgment terminating Eric's parental rights to M.M.W.

---

[1] M.G. voluntarily relinquished her parental rights to M.M.W. and is not a party to this appeal.

Eric brings three issues on appeal. He argues that 1) the trial court erred in admitting evidence of his psychological condition, 2) the evidence is factually insufficient to support termination, and 3) the evidence is factually insufficient to support a finding that termination was in the best interest of the child.

The trial court signed the order of termination on June 14, 2011. Eric timely filed a motion for new trial on June 17, 2011. The motion for new trial states only that Eric wishes to appeal the trial court's judgment. On July 6, 2011, the trial court granted Eric an extension of time to file his statement of points. The order provided that the statement of points was due to be filed on July 21, 2011, and Eric filed a statement of points on that date.

TEX. FAM. CODE ANN. § 263.405(b) requires the party to request a new trial and/or to file a statement of the point or points on which the party intends to appeal not later than the fifteenth day after the date the final order is signed. Section 263.405(i) states that "the appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial." *In re J.H.G.*, 302 S.W.3d 304, 306 (Tex. 2010) (per curiam). Therefore, Eric was required to present his issues to the trial court by June 29, 2011.

The trial court may grant a fifteen day extension for a party to file a statement of points. *See In re M.N.*, 262, S.W.3d 799, 803 (Tex. 2010). The trial court was authorized to extend the filing of the statement of points to July 13, 2011. Eric's statement of points was not timely filed, and we may not consider his issues on appeal. We note that Eric

does not challenge the constitutionality of Section 243.405(i) or complain that he received ineffective assistance of counsel. *See In the Interest of J.O.A.*, 283 S.W.3d 336 (Tex. 2009).

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed December 14, 2011
[CV06]